Herbert O. JENSEN, Appellant,

v.

Margaret HECKLER, Secretary of Health and Human Services, Appellee.

No. 84–2454.

United States Court of Appeals, Eighth Circuit.

Submitted May 2, 1985.

Decided July 3, 1985.

---

Herbert O. Jensen, pro se.

Jerome Kettleson, Asst. U.S. Atty., Bismarck, N.D., for appellee.

Before ROSS, ARNOLD, and BOWMAN, Circuit Judges.

PER CURIAM.

Herbert O. Jensen appeals pro se from an order of the district court[1] granting summary judgment in favor of the Secretary of Health and Human Services (Secretary). On remand from this court, *Jensen v. Schweiker*, 709 F.2d 1227 (8th Cir.1983), the district court found that 42 U.S.C. § 402(x)(1) was constitutional. The statute suspends payment of social security benefits to incarcerated felons who are not involved in an approved rehabilitation program.[2] For the reasons discussed below, we affirm.

## I. BACKGROUND

The facts of this case are simple and uncontroverted. In 1974, after two heart

---

1. The Honorable Bruce Van Sickle, United States District Judge for the District of North Dakota.

2. Section 42 U.S.C. § 402(x)(1) provides:

Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month during which said individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense which constituted a felony under applicable law, unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law, and, as determined by the Secretary, is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time.

attacks, Herbert Jensen began receiving social security disability benefits. In 1977, he was convicted of second degree murder, and is currently serving a twenty year prison sentence. In 1980 Congress amended the Social Security Act to require that no benefits be paid to any individual for any month during which he or she is in prison on a felony conviction [and is not participating in an approved rehabilitation program]. 42 U.S.C. § 423(f). In July, 1981 Jensen was notified that his benefits were suspended effective October, 1980 pursuant to this statute * * *.

*Jensen v. Schweiker*, 709 F.2d at 1228. The Social Security Amendments of 1983, Pub.L. No. 98–21, 97 Stat. 65 (1983), deleted section 423(f) and substituted in its place section 402(x), which suspends old age benefits in addition to disability benefits to incarcerated felons.

In 1981 Jensen filed suit against the Secretary, asserting that section 423(f) was unconstitutional in that it violated the Fifth and Fourteenth Amendments and was an ex post facto law and bill of attainder. The district court dismissed the petition for failure to exhaust administrative remedies. This Court reversed, finding that jurisdiction existed because Jensen's challenge to the statute was collateral to his substantive claim for disability benefits and he had presented a colorable constitutional claim. *Id.* at 1231. This Court specifically noted that Jensen's due process claim should be analyzed in light of *Flemming v. Nestor*, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), which held that termination of social security benefits to certain deportable aliens was constitutional. This Court also noted that Jensen's ex post facto claim had "some merit." *Id.* On remand the district court held that the statute did not violate due process, nor was the statute an ex post facto law or bill of attainder.

## II. ANALYSIS

### A. Due Process/Equal Protection

In analyzing Jensen's due process/equal protection challenge that the statute creates an irrational classification by suspending disability benefits to incarcerated felons, the district court first noted that the Supreme Court has held that social security benefits are noncontractual benefits and that "the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification." *Flemming v. Nestor*, 363 U.S. at 611, 80 S.Ct. at 1373.

■ The district court correctly found that the suspension of benefits to incarcerated felons who are not participating in an approved rehabilitation program is rationally related to the Social Security Act's policy of compensating for a loss of earnings without providing a disincentive for rehabilitation. The Third Circuit has recently held that "the exclusion of felons from disability payments while they are incarcerated and not engaged in a rehabilitation program has a perfectly rational justification in the fact that the expenses of shelter, food, clothing and medical care, which it is the purpose of disability payments to help defray, are, in the case of an incarcerated felon * * * being provided for him free of charge by the prison officials." *Washington v. Secretary of Health and Human Services*, 718 F.2d 608, 611 (3rd Cir.1983) (citing S.Rep. No. 96–987, 96th Cong., 2nd Sess., *reprinted in* 1980 U.S. Code Cong. & Ad.News, 4787, 4794–95; *Accord Pace v. United States*, 585 F.Supp. 399, 402–03 (S.D.Tex.1984); *Anderson v. Social Security Administration*, 567 F.Supp. 410, 412 (D.Col.1983).

As further evidence that the statute was tailored to the Act's goal of rehabilitation, the district court correctly noted that the statute did not suspend payments to an inmate who participated in an approved rehabilitation program and that benefits were not suspended to the inmate's dependents. We also agree with the district court that Congress had another permissible purpose in enacting the statute which was to avoid discipline problems which cash payments to inmates would create. *See Pace v. United States*, 585 F.Supp. at 401 (citing

*Receipt of Social Security Benefits by Persons Incarcerated in Penal Institutions: Hearings Before Subcomm. on Social Security of House Comm. on Ways and Means,* 96th Cong., 2nd Sess. (1980) ).

B. Ex Post Facto Law/Bill of Attainder

■ "An ex post facto law is 'the imposition of what can fairly be designated punishment for past acts' * * * [I]f a statute is enacted to punish a class, rather than regulate a 'present situation,' then the statute may violate the ex post facto clause." *Jensen v. Schweiker,* 709 F.2d at 1230 (quoting *De Veau Braisted,* 363 U.S. 144, 146, 80 S.Ct. 1146, 1147, 4 L.Ed.2d 1109 (1960) ). In order to constitute a bill of attainder, a statute must impose a punishment upon a designated person or class of persons without the benefit of trial. *Nixon v. Administrator of General Services,* 433 U.S. 425, 468, 97 S.Ct. 2777, 2803, 53 L.Ed.2d 867 (1977); *United States v. Brown,* 381 U.S. 437, 445, 85 S.Ct. 1707, 1713, 14 L.Ed.2d 484 (1965).

■ We agree with the Secretary that the statute is neither an ex post facto law nor a bill of attainder because the suspension of a noncontractual benefit cannot be considered a punishment. In *Flemming v. Nestor,* 363 U.S. at 617, 80 S.Ct. at 1376, the Supreme Court held that "the sanction [of] the mere denial of a noncontractual benefit" without more did not evidence a Congressional intent to punish. The Court noted that "[n]o affirmative disability or restraint [wa]s imposed * * *. *Id.* Although in this case there is some indication that Congress intended the statute in part to be punitive, *Jensen v. Schweiker,* 709 F.2d at 1230 (citations therein); *Pace v. United States,* 585 F.Supp. at 401 & n. 4, this Court need not invalidate the statute. Where, as here, " 'the rational connection' to nonpunitive ends remains as a rationale for enacting this provision," a court should not " 'reject all those alternatives * * *

save that one which might require invalidation of the statute.' " *Pace v. United States,* 585 F.Supp. at 401 (quoting *Flemming v. Nestor,* 363 U.S. at 621) (80 S.Ct. at 1378). *See also Anderson v. Social Security Administrator,* 567 F.Supp. at 412–13 (§ 423(f) remedial rather than punitive).

■ Accordingly, the judgment of the district court is affirmed.[3]

3. In his brief, Jensen argues that he is protected from suspension of his social security disability benefits because of the "grandfather clause" contained in 38 U.S.C. § 3113, which provides for a suspension of veteran's benefits to incarcerated felons who were convicted after October 1980. However, this case deals with social security benefits, not veterans benefits, and section 402(x) does not contain a "grandfather clause."