**Andrew Curtis CALDWELL, Plaintiff-Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 86–1864.

United States Court of Appeals, Sixth Circuit.

Feb. 10, 1987.

Andrew Curtis Caldwell, pro se.

Martin F. Palus, Asst. U.S. Atty., Grand Rapids, Mich., Thomas M. Jackson, Office of the Gen. Counsel DHHS, Chicago, Ill., for defendant-appellee.

Before MERRITT and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

This matter has been referred to a panel of the Court pursuant to Rule 9(a), Rules

---

of the Sixth Circuit. Appellant has also filed a motion for the appointment of counsel. Upon examination of the record and appellant's informal brief, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.

Appellant filed a complaint pursuant to 42 U.S.C. § 405(g) in which he sought judicial review of a determination by appellee to terminate his receipt of social security disability benefits. Appellee had taken that action in reliance upon 42 U.S.C. § 402(x)(1) which generally provides that individuals who are otherwise qualified to receive benefits are subject to the suspension of those payments during any month in which they are incarcerated in consequence of a conviction for any offense classifiable as a felony. Due to the fact that he had committed the act resulting in his felony conviction prior to the effective date of 42 U.S.C. § 402(x)(1), appellant maintained that use of that statute in his case constituted a violation of the prohibitions against the *ex post facto* application of laws. The District Court, however, disagreed with that assessment and dismissed appellant's complaint. Appellant thereafter filed this appeal.

Review of the relevant case authority indicates that the District Court did not err in determining that appellee's reliance upon 42 U.S.C. § 402(x)(1) to suspend the payment of social security benefits to appellant was in no way violative of his right to be free from the *ex post facto* application of laws. Specifically, the court in another circuit, when faced with a factual situation identical to that involved in the present appeal, concluded that the use of 42 U.S.C. § 402(x)(1) is not in any way defective in that regard. *Peeler v. Heckler*, 781 F.2d 649 (8th Cir.1986); *Jensen v. Heckler*, 766 F.2d 383 (8th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 311, 88 L.Ed.2d 288 (1985). Accordingly, the district court correctly sustained the suspension of benefits to appellant and dismissed his complaint.

The questions upon which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3),

Rules of the Sixth Circuit. Therefore, the motion for appointment of counsel is hereby denied and the final judgment of the district court entered August 25, 1986, is affirmed.