**Richard E. ROBINSON, Appellant,**

v.

**Louis W. SULLIVAN,\* M.D., Secretary of the Department of Health and Human Services, Appellee.**

No. 89–1630.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1990.

Decided June 21, 1990.

Rehearing and Rehearing En Banc Denied Aug. 14, 1990.

\* Louis W. Sullivan, M.D., succeeded Otis R. Bowen, M.D., as Secretary of Health and Human Services in March 1989. Pursuant to Fed.R. App.P. 43(c)(1), he is substituted as the appellee.

Richard J. Bruckner, Omaha, Neb., for appellant.

Dwight G. Rabuse, Washington, D.C., for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and WATERS,** District Judge.

WOLLMAN, Circuit Judge.

The Honorable Richard E. Robinson, a Senior United States District Court Judge serving in the District of Nebraska, appeals the district court's[1] judgment denying him social security retirement insurance benefits. We affirm.

I.

Judge Robinson was appointed to the federal bench in 1956. He assumed senior status in 1972 and has continued to render judicial service as a senior district judge. Like all federal judges who meet the age and length-of-service requirements of 28 U.S.C. § 371(a), Judge Robinson draws his full judicial salary as retirement pay for the duration of his life.

Prior to 1984, federal judges were not covered by the Social Security Act. Federal judicial salaries were not deemed "wages" for purposes of the Social Security Act, and therefore Federal Insurance Contribution Act (FICA) deductions were not withheld from judges' pay. In 1983, however, Congress amended the Social Security Act to cover the federal judiciary. The amendment, originally enacted to become effective December 31, 1983, covered judges with senior status who performed judicial services, but not those senior judges who no longer performed such services.

Realizing the inequity that the amendment would cause senior judges—withholding FICA taxes from the retirement pay of senior judges who donated their services, but allowing inactive senior judges to draw their full salary benefits without FICA taxation—Congress delayed the effective date of the amendment for senior judges to January 1, 1986. Though the purpose of the delay was to give Congress time to consider corrective legislation, Congress did not take any action by December 31, 1985. Therefore, the amendment as enacted in 1983 went into effect for senior federal judges on January 1, 1986.

In December 1985, the Administrative Office of the United States Courts notified Judge Robinson that Congress had adjourned without enacting a social security exemption for senior judges. The Administrative Office also wrote, however, that Congress was expected to restore the statutory exemption once it reconvened.

Judge Robinson had earned sixteen quarters of coverage toward fully insured status before he assumed the federal bench.

---

** The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas, sitting by designation.

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

On January 3, 1986, Judge Robinson contacted the Social Security Administration (SSA) to ask how many more quarters of coverage he needed to qualify for social security retirement insurance benefits. The SSA informed him on January 6, 1986, that he needed only one additional quarter of coverage. The SSA also told Judge Robinson, however, that Congress was considering legislation that would exempt retired judges from social security taxation and coverage as of January 1, 1986, which would have the effect of retroactively disqualifying Judge Robinson from any coverage he would earn in 1986 before the legislation became law.

Judge Robinson continued to perform judicial services in early 1986. He asserts that the judicial services he rendered from January 1, 1986, until January 6, 1986, the date on which he received notice that a social security exemption might be retroactively applied, alone earned him the additional quarter of coverage he needed to achieve fully insured social security status. No FICA taxes were withheld from his salary during the early months of 1986, however, because the Administrative Office believed that enactment of pending legislation would permanently exempt senior judges from the Social Security Act.

On April 1, 1986, Judge Robinson filed an application for retirement insurance benefits with the SSA. The SSA held Judge Robinson's application in abeyance pending the outcome of the legislation before Congress. President Reagan signed the Consolidated Omnibus Reconciliation Act of 1985 (Omnibus Act) into law on April 8, 1986. That act permanently exempted senior judges performing judicial duties from social security coverage and applied retroactively to judicial services performed after December 31, 1983. Pursuant to this enactment, the SSA denied Judge Robinson's application for benefits and his request for reconsideration.

Judge Robinson requested a hearing before an administrative law judge (ALJ), who found that Judge Robinson had earned a quarter of coverage for the quarter ending March 31, 1986. The ALJ concluded, however, that the retroactive effect of the Omnibus Act precluded Judge Robinson from achieving fully insured status under the Social Security Act. The Appeals Council denied Judge Robinson's request for review. The district court upheld the Secretary's denial of benefits. Judge Robinson appeals.

## II.

Judge Robinson contends that by retroactively applying the Omnibus Act to eradicate the quarter of coverage he earned in early 1986, the government has acted in a fundamentally unfair manner, violating his rights to due process of law under the Fifth Amendment. Although he does not contest prospective application of the Omnibus Act, he asserts that retroactive application has no rational purpose because it cannot rectify the loss of judicial services which occurred when senior judges who did not wish to have FICA taxes withheld from their income decided not to work. Judge Robinson also underscores his reliance on the 1983 amendment of the Social Security Act when deciding to perform judicial duties in the early months of 1986, before he knew that the Omnibus Act exemption would be applied retroactively.

"[L]egislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality and * * * the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way." *Pension Benefit Guaranty Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 729, 104 S.Ct. 2709, 2717, 81 L.Ed.2d 601 (1984) (quoting *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15, 96 S.Ct. 2882, 2892, 49 L.Ed.2d 752 (1976)). The courts must give retroactively-applied legislation the same deference as legislation applied prospectively. *Id.* "[L]egislation readjusting rights and burdens is not unlawful solely because it upsets otherwise settled expectations." *Id.* at 729, 104 S.Ct. at 2717 (quoting *Usery*, 428 U.S. at 15–16, 96 S.Ct. at 2892–93).

██ Although it is true that retroactive application of the Omnibus Act exemption cannot recapture lost judicial labors, it serves the rational purpose of preventing senior judges who worked in early 1986 from paying any more FICA taxes than those judges who did not work. Moreover, the due process clause does not prevent Congress from repealing the right to receive social security benefits at any time, however settled a potential beneficiary's expectations might be, for any reason that is not patently arbitrary or utterly lacking in rational justification. *Flemming v. Nestor,* 363 U.S. 603, 611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435, *rehearing denied,* 364 U.S. 854, 81 S.Ct. 29, 5 L.Ed.2d 77 (1960); *Jensen v. Heckler,* 766 F.2d 383 (8th Cir.) (per curiam), *cert. denied,* 474 U.S. 945, 106 S.Ct. 311, 88 L.Ed.2d 288 (1985). Therefore, we hold that retroactive application of the Omnibus Act's exemption for senior judges from the Social Security Act did not violate Judge Robinson's right to due process of law.

### III.

Judge Robinson also contends that rescission of his earned quarter of social security coverage diminished his compensation as a federal judge in violation of Article III, section 1, of the Constitution. Under *United States v. Will,* 449 U.S. 200, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980), once a federal salary increase becomes effective, any attempt to rescind that increase violates the Compensation Clause. *Id.* at 224–26, 101 S.Ct. at 485–86. Judge Robinson urges us to extend *Will* to eligibility for retirement insurance benefits on the ground that judicial compensation consists of a package of benefits, which now includes social security benefits. He asserts that social security benefits, like judicial salary increases, are congressionally-controlled statutory creatures that, once effective, are protected by the Compensation Clause.

██ Unlike a cost-of-living salary increase, however, the enactment of legislation enabling judges to earn social security retirement benefit coverage is not a direct increase in judicial compensation. "[T]he Compensation Clause does not erect an absolute ban on all legislation that conceivably could have an adverse effect on compensation of judges." *Will,* 449 U.S. at 227, 101 S.Ct. at 486. "Indirect, nondiscriminatory diminishments of judicial compensation, those which do not amount to an assault upon the independence of the third branch or any of its members, fall outside the protection of the Compensation Clause." *Atkins v. United States,* 556 F.2d 1028, 1045, 214 Ct.Cl. 186 (1977), *cert. denied,* 434 U.S. 1009, 98 S.Ct. 718, 54 L.Ed.2d 751 (1978). We do not view the retroactive exemption of senior judges from the obligation to pay FICA taxes as threatening judicial independence.

In *O'Malley v. Woodrough,* 307 U.S. 277, 282, 59 S.Ct. 838, 840, 83 L.Ed. 1289 (1939), the Supreme Court held that the duty to pay taxes, shared by all citizens, does not diminish judges' compensation within the meaning of the Compensation Clause. Likewise, social security retirement insurance benefits are earned and paid as part of a general social welfare plan and not specifically as judicial compensation. Retroactive application of the Omnibus Act exemption simply prevented retirement pay that Judge Robinson received in early 1986 from being categorized as wages subject to FICA tax. Accordingly, we conclude that the Omnibus Act exemption did not diminish Judge Robinson's compensation within the meaning of the Constitution.

The judgement of the district court is affirmed.