11 F.3d 1070
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Raymond Rockey LATHAM, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7080.
 United States Court of Appeals, Federal Circuit.
 Oct. 8, 1993.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Mr. Latham appeals from a decision of the United States Court of Veterans Appeals (CVA) in Raymond Rockey Latham v. Jesse Brown, Secretary of Veterans Affairs, Case No. 90-1520 (February 12, 1993, as amended, February 18, 1993). The CVA affirmed the decision of the Board of Veterans Appeals (BVA), which denied Mr. Latham's claim for non-service-connected improved pension benefits on the ground that he was precluded from obtaining the claimed pension benefits, because 38 U.S.C. Sec. 1505(a) and its implementing regulation, 38 C.F.R. Sec. 3.666, deny pension benefits to veterans who are incarcerated in penal institutions as a result of the conviction of a felony. We affirm the decision of the CVA.
 
 DISCUSSION
 
 2
 Mr. Latham was convicted of a felony and has been incarcerated in the Maryland House of Correction since August 26, 1982, to serve a 30-year sentence. He contends that the denial of pension benefits to incarcerated persons violates the equal protection component of the Due Process Clause of the Fifth Amendment and also that the CVA decision is contrary to the constitutional prohibition against bills of attainder and ex post facto laws. Because he has challenged the decision below on constitutional grounds, this court has jurisdiction of the appeal. 38 U.S.C. Sec. 7292(d)(1)(B) (1988 & Supp. III 1991).
 
 
 3
 We have carefully reviewed the decision of the CVA and conclude that it should be affirmed on the following grounds:
 
 
 4
 1. The Supreme Court has frequently declared that Congress has broad latitude in enacting legislation involving governmental payment of monetary benefits. See United States Railroad Retirement Bd. v. Fritz, 449 U.S. 166, 175-76 (1980) (citing Flemming v. Nestor, 363 U.S. 603, 611 (1960)). Therefore, the rational basis test is the appropriate standard of review.
 
 
 5
 2. There is no authority to support the designation of prisoners as a suspect class in need of special protection from discriminatory legislation. See Moss v. Clark, 886 F.2d 686, 690 (4th Cir.1989) (holding that prisoners are not a suspect class because the status of incarceration is neither an immutable characteristic nor an invidious basis of classification). Mr. Latham has failed to establish that the classification in the legislation involved here is arbitrary and does not bear any rational relationship to a legitimate government interest. See Cleland v. National College of Business, 435 U.S. 213, 221 (1978).
 
 
 6
 3. The statute and the regulation do not constitute bills of attainder, because the denial of pension benefits does not amount to a punishment. See Jensen v. Heckler, 766 F.2d 383, 386 (8th Cir.), cert. denied, 474 U.S. 945 (1985). Moreover, the challenged measures do not constitute ex post facto laws because they do not impose punishment for past acts that were not so punishable at the time they were committed. See Weaver v. Graham, 450 U.S. 24, 28 (1981); see also De Veau v. Braisted, 363 U.S. 144, 160 (1960); Flemming v. Nestor, 363 U.S. 603, 617-21 (1960).
 
 
 7
 4. As a principal ground for reversing the decision of the CVA, Mr. Latham argues that this court should disagree with Flemming v. Nestor, relied upon by the CVA. He contends that the case was wrongly decided and has been criticized in several law review articles. This contention must be rejected. Flemming v. Nestor is a decision of the Supreme Court of the United States, which has not been overruled, and this court is bound to follow it.
 
 
 8
 Although Mr. Latham has pleaded his case eloquently, he has not established any ground for reversing the CVA decision.