41 F.3d 1508
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wilbert Leon SMITH, Defendant-Appellant.
 No. 94-1387.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 Before: KENNEDY, CONTIE and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Wilbert Leon Smith, Jr., a pro se federal prisoner, appeals a district court judgment denying his motion to correct his illegal sentence filed pursuant to Fed.R.Crim.P. 35(a). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In September 1984, Smith was indicted by a federal grand jury in a fourteen count indictment. Smith was charged with: conspiracy to import heroin and conspiracy to possess with intent to distribute heroin in counts one and two, in violation of 21 U.S.C. Secs. 960, 963, 841(a)(1) and 846; possession with intent to distribute heroin and aiding and abetting in counts three and four, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2(a); unlawfully utilizing a communication facility in counts five through thirteen, in violation of 21 U.S.C. Sec. 843(b); and engaging in a continuing criminal enterprise in count fourteen, in violation of 21 U.S.C. Sec. 848. The jury found Smith guilty of counts one through three and eight through fourteen, and the court sentenced him to fifteen years of imprisonment on each of counts one, two and three, to be served concurrently with each other, and a special parole term of six years on count three, and four years of imprisonment on counts eight through thirteen, each sentence to be served concurrently with counts one through three. On count fourteen, the court sentenced Smith to fifteen years of imprisonment, to be served consecutive to counts one through three. Additionally, the court order Smith to pay a $75,000 committed fine.
 
 
 3
 On appeal, this court vacated Smith's convictions on the two conspiracy charges as lesser included offenses of the continuing criminal enterprise charge, and affirmed Smith's remaining convictions. United States v. Adams, et al., Case Nos. 85-1330 and 85-1338 (6th Cir. Sept. 24, 1986). However, this court indicated that Smith need not be resentenced because the sentences for the conspiracy charges were concurrent with his other sentences. Thereafter, Smith filed several unsuccessful Rule 35 motions seeking to correct his sentences. In his current, and fourth Rule 35 motion, Smith argues that: 1) his sentence is in violation of the prohibition against ex post facto laws; 2) he should be resentenced on count three because it is unclear whether this sentence was influenced by his (vacated) convictions for counts one and two; 3) his sentence for count three is improper because it includes a six year special parole term; and 4) the court improperly imposed a $75,000 fine given Smith's indigency. The district court denied Smith's motion without requiring a response from the government. Smith has filed a timely appeal, as well as a motion for the appointment of counsel.
 
 
 4
 Upon review, we note that Smith committed the within criminal acts prior to November 1, 1987. Thus, Smith is not prohibited from filing a Fed.R.Crim.P. 35 motion to correct his sentence by amended Fed.R.Crim.P. 35. Nonetheless, we conclude that the district court did not abuse its discretion when it dismissed Smith's motion. See United States v. Brummett, 786 F.2d 720, 722-23 (6th Cir.1986).
 
 
 5
 Smith's sentence is not in violation of the prohibition against ex post facto laws as he was sentenced pursuant to a statute in effect at the time of his offense. See Caldwell v. Heckler, 819 F.2d 133, 134 (6th Cir.1987) (per curiam); Peeler v. Heckler, 781 F.2d 649, 651 (8th Cir.1986). Smith's six year special parole term was also legal. See 21 U.S.C. Sec. 841(a)(1). Finally, Smith's $75,000 committed fine is proper as a defendant's alleged indigency does not render a legally imposed sentence improper. See United States v. Blanton, 739 F.2d 209, 211-12 (6th Cir.1984).
 
 
 6
 Accordingly, we hereby deny the appointment of counsel and affirm the district court's judgment pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.