70 F.3d 123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William Harold WANLESS, Jr., Plaintiff-Appellant
v.
VETERANS ADMINISTRATION, sued as: The Department of
Veterans Affairs, Defendant-Appellee.
 No. 95-5177.
 United States Court of Appeals, Tenth Circuit.
 Nov. 16, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 William Harold Wanless (Wanless), appearing pro se and having been granted leave to proceed in forma pauperis, appeals from an order of the district court granting the Department of Veterans Affairs' (VA) motion to dismiss and denying Wanless' motion for leave to amend.
 
 
 3
 Wanless was honorably discharged from the United States Army on November 2, 1981. At that time, he was granted service-connected disability compensation for a combined 60% disability. 38 U.S.C. 1159 provides that an individual's service-connected disability compensation "shall not be severed ... except on a showing that the original grant of service connection was based on fraud or ... that the person did not have the requisite service...." Under 38 U.S.C. 5313, however, an individual's service-connected disability compensation may be reduced or suspended while the individual is incarcerated. Specifically, "any person who is entitled to [such] compensation ... who is incarcerated in a Federal, State, or local penal institution ... shall not be paid such compensation ... for the period beginning on the sixty-first day of such incarceration and ending on the day such incarceration ends...."
 
 
 4
 On January 19, 1993, Wanless was sentenced to life imprisonment following his conviction in Oklahoma state court for murder in the first degree. On March 16, 1993, Wanless' disability compensation was reduced pursuant to 5313.
 
 
 5
 Thereafter, Wanless filed a complaint in district court in which he alleged that the VA had violated 1159 by wrongfully severing his service-connected disability compensation. Wanless also alleged that 5313 was a bill of attainder and ex post facto law. Wanless sought compensatory and punitive damages and a permanent injunction. He later moved for leave to amend and the VA moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.
 
 
 6
 The district court granted the VA's motion to dismiss and denied Wanless' motion for leave to amend. In so doing, the district court found that Wanless' "reliance on section 1159 for the proposition that his service-connected disability was wrongfully severed is patently frivolous" because his "disability benefits were reduced--- not severed--- in accordance with 38 C.F.R. 3.665." (R., Vol. I, Tab 17 at 1-2).
 
 
 7
 The district court also found that Wanless' claim that 5313 was a bill of attainder and an ex post facto law was meritless. The district court reasoned that whereas a bill of attainder inflicts punishment without the benefit of a trial and an ex post facto law imposes a punishment for past acts which were not so punishable at the time they were performed, the reduction of benefits does not amount to a punishment. The district court relied on Jensen v. Heckler, 766 F.2d 383, 386 (8th Cir.1985), cert. denied, 474 U.S. 945 (1985), in which the court held that the suspension of social security disability benefits to an individual while imprisoned on a felony conviction was neither a bill of attainder nor an ex post facto law because the suspension of a noncontractual benefit cannot be considered a punishment.
 
 
 8
 The court concluded by observing that since Wanless' "allegations are clearly meritless ... any amendment of pleadings would be futile" and "[i]n any event, [a] ... challenge to the VA's reduction of the benefits on a constitutional basis is within the sole jurisdiction of the Court of Veteran Appeals. Hicks v. Veterans Admin., 961 F.2d 1367 (8th Cir.1992)." (R., Vol. I, Tab 17 at 4).
 
 
 9
 On appeal, Wanless contends that it was a violation of his right to equal protection for the VA to apply 5313(a) to reduce his compensation in direct violation of 1159. Wanless further contends that 5313, as it applies in this case, acts as both a bill of attainder and an ex post facto law.
 
 
 10
 We hold that these contentions were carefully considered and properly rejected by the district court. We AFFIRM substantially for the reasons set forth in the district court's order of July 17, 1995.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470