CLD-276                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2417
_____

RUDOLPH GEORGE STANKO
a/k/a Rudy Stanko,
                                                                        Appellant

v.

BARACK OBAMA, President of the United States;
HARLEY G. LAPPIN, National Director of the Bureau of Prisons;
D. SCOTT DODRILL, Regional Director; DAVID EBBERT, Warden FCI Allenwood
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-02180)
District Judge:  Honorable James F. McClure, Jr.
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 26, 2010

Before:  BARRY, FISHER and GREENAWAY, <u>Circuit</u> <u>Judges</u>.

(Filed: September 10, 2010 )
_____

OPINION
_____

PER CURIAM

Rudolph George Stanko, a.k.a. Rudy Stanko, filed a petition under 28 U.S.C. § 2241.[1] He presented four main claims. On screening, the District Court dismissed three of them – a claim of retaliatory cruel and unusual punishment, a constitutional challenge to 42 U.S.C. § 17541(g) (the elderly and family reunification for certain nonviolent offenders pilot program), and an allegation that the respondents[2] violated various constitutional rights when they seized his legal documents. Remaining was Stanko's claim that the respondents were violating the Second Chance Act ("SCA"), 18 U.S.C. § 3624, both by how they were implementing it generally and by how they were applying it to him. After briefing from the parties, the District Court dismissed the SCA claim on the ground that Stanko lacked standing to bring it.

Stanko appeals. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Our review of the District Court's legal conclusions is plenary. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000). We will summarily affirm the District Court because no substantial issue is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6.

---

[1]Stanko originally filed his petition in the United States District Court for the District of Columbia. That District Court transferred the petition to the United States District Court for the Middle District of Pennsylvania because, at the time, Stanko was confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania. We note that Stanko has since been transferred from FCI – Allenwood, but that his transfer did not defeat the District Court's or our jurisdiction over this case. See Barden v. Keohane, 921 F.2d 476, 477 n.1 (3d Cir. 1990).

[2]Also on screening, the District Court noted that the only proper respondent was Stanko's custodian, see Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004), and dismissed the other respondents from the suit.

On screening, the District Court properly dismissed two of Stanko's claims challenging prison conditions. A prisoner may challenge the execution of his sentence in habeas petition pursuant to 28 U.S.C. § 2241. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005). However, "although a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as a deprivation of good-time credits and other prison disciplinary matters . . . this does not make § 2241 actions like 'condition of confinement' lawsuits, which are brought under civil rights laws." McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997) (citation omitted). Stanko's claims of cruel and unusual punishment and constitutional violations resulting from the seizure of his papers clearly fall outside the realm of challenges brought in habeas.

The District Court also properly dismissed Stanko's SCA claim. Although Stanko chose the proper vehicle, see Woodall, 432 F.3d at 243, in large part, as the District Court concluded, Stanko did not have standing to bring his claim. To have standing to bring a suit in federal court, a plaintiff must demonstrate a concrete and particularized, actual or imminent, injury in fact. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). A plaintiff "cannot rest his claim on the rights or interests of third parties" or merely assert a harm that is a generalized grievance "shared in substantially equal measure by all or a large class of citizens." Warth v. Seldin, 422 U.S. 490, 499 (1975).

3

Stanko was sentenced in August 2006 to 72 months in prison. As the District Court explained, in reliance on documents submitted with the response to the habeas petition, Stanko's projected release date is (or was, at the time of the District Court proceedings) in August 2011, counting credit for good-conduct time. Stanko filed his habeas petition in September 2009. At that time, he was approximately 23 months from being released from prison. In August 2009, Stanko was notified that his eligibility for placement in a residential reentry center ("RRC") would be considered at his next program review, in February 2010. At that time, Stanko would have been between 17 and 19 months from his release date, which is the time at which recommendations for RRC placements are considered. His case is distinct from Krueger v. Martinez, 665 F. Supp. 2d 477 (M.D. Pa. 2009), which he cited at length in the District Court and relies on in his response to our notice of possible summary action. In Krueger, a petitioner inmate challenged a RRC decision made by the Bureau of Prisons ("BOP"); in Stanko's case, no decision had been made yet. At the time of his filing, to the extent that he was not asserting a generalized grievance, any injury based on the application of the SCA to him was speculative. He could not say whether the BOP would deny him an RRC placement or improperly apply the relevant factors in making its RRC decision.

To the extent that Stanko argues that he should have been considered for an RRC placement even earlier than 17 or 19 months before the end of his sentence, because the SCA makes him potentially eligible for 12 months of RRC confinement coupled with 6

4

months of home confinement, he did have standing to bring his claim.  However, Stanko misunderstands the import of the SCA.

Under the SCA, an inmate is eligible for 12 months in a RRC.  See Krueger v. Martinez, 665 F. Supp. at 480.  In relevant part, the statute provides generally for prerelease custody:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).  The authority to provide for prerelease custody includes the authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."  See id. at § 3624(c)(2).  The 6 months of home confinement is not additional to the 12 months of prerelease custody. Accordingly, the BOP's determination, at 17 to 19 months before Stanko's projected release, cannot be considered to be after his period of prerelease custody could begin.  His claim was without merit, so it was properly dismissed.  See Erie Telecomm. v. Erie, 853 F. 2d 1084, 1089 ( 3d Cir. 1988) (holding that we may affirm on an alternative basis supported by the record).

As for Stanko's challenge to 42 U.S.C. § 17541(g), it appears that he may have been challenging the fact, duration, or execution of his sentence.  In his habeas petition, he sought a declaration that the provision was a prohibited bill of attainder or that it

5

violated the right to due process or equal protection under the law because it did not provide for release of prisoners under 65 years of age. Although he mentioned his age (62 years old), he did not explicitly explain how his challenge related to the execution of his sentence. However, as the claim was dismissed at screening, he did not really have an opportunity to do so. He asks in his response to our notice of possible summary action to "sentence him 'equally'" to how prisoners over the age of 65 are sentenced. To the extent that Stanko was seeking this type of relief in the District Court, the District Court should not have dismissed the constitutional challenge as improperly brought in habeas. Nonetheless, we have considered Stanko's claims related to 42 U.S.C. § 17541(g) and conclude that the District Court did not err in dismissing them because they were without merit. See Erie Telecomm., 853 F. 2d at 1089; see also United States v. Brown, 381 U.S. 437, 448-49 (1965) (describing the nature of prohibited bills of attainder); Jensen v. Heckler, 766 F.2d 383, 386 (8th Cir. 1985) (explaining that where there is no imposition of an affirmative disability or restraint, there is no bill of attainder); Malmed v. Thornburgh, 621 F.2d 565, 569 (3d Cir. 1980) (describing the rational basis review under the due process or equal protection clause that allows a court to hypothesize reasons for disparate treatment on the basis of age).

In short, because no substantial issue is presented on appeal, we will affirm the District Court's judgment.