**Brigitte V. CLEVINGER, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 92–402–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Feb. 5, 1993.

Earl J. Oberbauer, Jr., Manassas, VA, for plaintiff.

Theresa Carroll Buchanan, Asst. U.S. Atty., Alexandria, VA (Charlotte Hardnett, Acting Chief Counsel, Region III, and Robert S. Drum, Asst. Regional Counsel, U.S. Dept. of Health and Human Services, Philadelphia, PA, of counsel), for defendant.

## MEMORANDUM OPINION

BRYAN, Senior District Judge.

This Social Security Act case is before the Court on the timely filed objections of the plaintiff to the January 14, 1993, Report and Recommendation of the United States Magistrate designated, pursuant to 28 U.S.C. § 636(b)(1)(B), to conduct a hearing on the cross motions for summary judgment.

The Administrative Law Judge (ALJ), whose decision became the final decision of the Secretary of Health and Human Services (the Secretary), found that plaintiff's Civil Service earnings while at the Smithsonian Institution are not "wages" within the meaning of the Act, and thus may not be used to calculate plaintiff's "average current earnings" (ACE). As a result, the ALJ determined that plaintiff's combined Civil Service and Social Security benefits exceeded 80% of her ACE, and her Social Security benefit should be reduced accordingly. The Magistrate recommended that the Secretary's decision be affirmed because it was done in accordance with 42 U.S.C. § 424a and 20 C.F.R. § 404.408 and is not arbitrary, capricious, or unconstitutional.

■ The plaintiff objects to the Magistrate's Report and Recommendation on several grounds. First, she argues that the statute clearly intends alternate calculation methods of ACE for the benefit of claimants, and second, that Congress intended to reduce benefits only when claimants would otherwise receive more than 80% of their actual pre-disability "average current earnings," thereby skewing the incentives to return to work. From this, plaintiff argues, the Secretary improperly limited the calculation of her "average current earnings" to earnings "covered" by the Social Security program, when her *actual* earnings during the period defined by the alternate calculation methods of the Act would have produced a higher ACE, yet still not reduced plaintiff's incentive to work. The ALJ, however, properly excluded plaintiff's Civil Service earnings.

The Act and its regulations *specifically* provide that services as a civilian employee of the United States or its instrumentalities prior to 1984, if covered by a retirement system established by law, are excluded from the definition of "employment," 42 U.S.C. 410(a)(5); 20 C.F.R. § 404.1018a, and therefore from "wages" used to calculate ACE.[1] In addition, plaintiff concedes that Congress' actions and the basic language of the statute is constitutional. As an employee of the Smithsonian Institution before 1984 who retired on a disability under the Civil Service Retirement Program established before 1984, plaintiff's Civil Service work is clearly not "employment" under the Act and her earnings therefor cannot be used to calculate her ACE. Because the ALJ did no more than apply this clearly established rule, plaintiff's arguments must fail.

■ The next argument made by the plaintiff is that even if the statute is constitutional as written, it is still unfair. Plaintiff contends that because other claimants receive two benefit program payments without offset reductions, so should plaintiff, who "has earned and paid for" both the Social Security and Civil Service benefit programs. Plaintiff fails to demonstrate, however, that the classifications provided for by the statute are patently arbitrary and not rationally related to legitimate goals. *See Davis v. Bowen*, 825 F.2d 799, 800 (4th Cir.1987). As the Magistrate properly indicated, this type of argument is a matter for Congress, and not the ALJ, to consider.[2]

---

1. Under 42 U.S.C. § 409 and 20 C.F.R. § 404.-1041, "wages" are defined as remuneration paid for "employment" of an employee unless specifically excluded. "Wages" are used to calculate "average current earnings" under 42 U.S.C. 424a(a) and 20 C.F.R. 404.408(c)(3).

2. Congress has in fact recently considered and rejected some of the arguments presented by the

The objections to the Report and Recommendation of the magistrate will be overruled.

### ORDER

For the reasons set forth in the Memorandum Opinion this day filed, it is hereby ORDERED that:

1. The objections of the plaintiff to the January 14, 1993, Report and Recommendation of the United States Magistrate are overruled.

2. Summary judgment is awarded in favor of the defendant, Secretary of Health and Human Services (the Secretary), against the plaintiff, Brigitte V. Clevinger.

3. The January 8, 1991, decision of the Administrative Law Judge, which became the final decision of the Secretary, is affirmed.

plaintiff. On January 25, 1989, Senator Moynihan and others presented a bill to allow noncovered earnings to be included in calculating ACE, thereby reducing the effect of disability benefit offsets. 135 Cong. Rec. S601–01. The bill did not pass.