Florence E. PRATHER, Plaintiff,

v.

Donna E. SHALALA, Secretary, Department of Health and Human Services, Defendant.

Civ. A. No. MJG–92–1073.

United States District Court,
D. Maryland.

April 20, 1993.

Robert Lyons, Rockville, MD, for plaintiff.

Jeanette Plante, Asst. U.S. Atty., Baltimore, MD, for defendant.

## MEMORANDUM AND ORDER

GARBIS, District Judge.

The Court has before it the Objections to Magistrate Judge's Report and Recommendation. The Court finds that a hearing is unnecessary to resolve this matter.

### I. BACKGROUND

The undisputed facts were ably stated in Chief Magistrate Judge Goetz's Report and Recommendation; they will not be repeated at length here. Briefly, the plaintiff is the widow of Alonzo Prather. Mr. Prather worked two jobs during the relevant period prior to his becoming disabled. One of his jobs was with the Montgomery County School Board and was subject to the Social Security system. The other was with the federal government and Mr. Prather paid a portion of those wages into the Civil Service Retirement System ("CSRS").

In 1988, Mr. Prather was found to be disabled by this Court and was held to be entitled to benefits retroactive to February, 1986. The Social Security Administration ("SSA") paid Mr. Prather a monthly disability insurance benefit ("DIB") of approximately $300.00. From June 1986 forward, Mr. Prather received a disability payment from the CSRS of $862.00 per month. Finally, Mr. Prather received a pension of $77.00 per month from the Montgomery County School Board.

On December 11, 1989, the Secretary of Health and Human Services (the "Secretary") sent Mr. Prather a notice that he had been overpaid. The Secretary relied upon 42 U.S.C. § 424a. Section 424a reduces an individual's (who is under 65 years of age) disability benefits to the extent the sum of the individual's disability payments from certain sources (including SSA and CSRS) exceed 80% of the individual's "average current earnings." The issue in this case is what constitutes (and can constitutionally constitute) an individual's "average current earnings." In making her determination, the Secretary excluded Mr. Prather's earnings from his federal employment from the determination of "average current earnings."

Mr. Prather pursued his administrative remedies challenging the Secretary's determination, though to no avail. In April of 1992, Mrs. Prather (her husband now deceased) filed this suit seeking review of the administrative decision. As had been done in the administrative arena, Mrs. Prather challenged the Secretary's decision on the basis that (1) "average current earnings" includes wages outside the Social Security system; and (2) if "average current earnings" do not include wages outside the Social Security system, that distinction violates the due process and equal protection rights contained in the Fifth Amendment.

On February 18, 1993, Chief Magistrate Judge Goetz issued a Report and Recommendation that found the Secretary's decision that there had been an overpayment under Section 424a and that the definition of "average current earnings" was constitutional. As discussed more fully below, this Court adopts in full Chief Magistrate Judge Goetz's Report and Recommendation.

### II. DISCUSSION

The plaintiff and the Secretary agree that method B of Section 424a should be used to compute Mr. Prather's "average current earnings." Method B calculates "average current earnings" as:

one-sixtieth of the total of his wages and self-employment income (computed without regard to the limitations specified in sections 409(a)(1) and 411(b)(1) of this title) for the five consecutive calendar years after 1950 for which such wages and self-employment income were highest.

The Plaintiff argues that the word "wages" means all wages from whatever source. Although superficially compelling, this construction fails because "wages" has a specific meaning throughout the Federal Old–Age, Survivors, and Disability Insurance Benefits subchapter of title 42. *Smith v. Sullivan,* 982 F.2d 308, 313 (8th Cir.1992). Section 409 of title 42, defines the term "wages" for the subchapter that includes 42 U.S.C. § 424a. Section 409(a) defines wages as "remuneration paid after 1950 for employment...." The term "employment" is defined for purposes of the relevant subchapter in 42 U.S.C.

§ 410. Service such as that performed by Mr. Prather for the federal government is specifically excluded from being "employment" for the purposes of the subchapter by Section 410(a)(5)(A). Finally, as explained in the Report and Recommendation at 14–15, the parenthetical references in method B to Sections 409(a)(1) and 411(b)(1) are not intended to bring "non-covered" wages into the ambit of Section 424a's definition of "average current earnings." Thus, this Court will adopt Chief Magistrate Judge Goetz's recommendation that the Plaintiff's statutory construction argument be rejected.[1]

■ The Plaintiff argues that the statutory construction adopted above violates the concepts of due process and equal protection found in the Fifth Amendment. This is said to be so because federal workers (and others with "non-covered" wages) are treated differently by the statute. Where, as here, the legislative classification is not based on a suspect class or does not involve fundamental rights, the government's classification "is presumed valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate [government] interest." *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985).

In *Davis v. Bowen,* 825 F.2d 799 (4th Cir.1987), the Fourth Circuit addressed the constitutionality of 42 U.S.C. § 402(x) which limits the DIB a prisoner may receive. The Fourth Circuit stated that "[s]uspension of benefits is unconstitutional 'only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification' and not rationally related to legitimate goals." *Id.* at 800 (quoting *Flemming v. Nestor,* 363 U.S. 603, 611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960)). In upholding the denial of benefits to prisoners caused by the adoption of Section 402(x), the court stated:

> This blanket suspension ... rationally promotes the legitimate underlying congressional policy goal of conserving scarce social security resources where a prisoner's

basic economic needs are provided from other public sources. *Id.* at 801.

■ Congress's decision to exclude non-covered wages from the average current earnings calculation in Section 424a is rationally related to the goal of preserving scarce resources in cases where the individual receives benefits from other sources. Congress's unwillingness to include non-covered wages reflects an understanding that individuals such Mr. Prather receive benefits from agencies such as CSRS that may in fact exceed those SSA would pay in a similar case. Depending upon the extent of the non-SSA payment, an individual who previously had both covered and non-covered employment may end up with a total monthly payment greater than, or less than, an individual who earned the same amount in covered employment only. The statutory scheme chosen by Congress is a rational legislative choice. This Court should not, and indeed cannot, substitute the "best" statute (as the Court sees it) for the one passed by Congress.

This Court adopts Chief Magistrate Judge Goetz's recommendation that the Plaintiff's constitutional argument be rejected.

## III. CONCLUSION

For the foregoing reasons:

1. Chief Magistrate Judge Goetz's Report and Recommendation is **ADOPTED.**

2. The Secretary of Health and Human Services's Motion for Summary Judgment is **GRANTED.**

3. The Plaintiff's Motion for Summary Judgment is **DENIED.**

4. The decision of the Secretary of Health and Human Services is **AFFIRMED.**

5. Judgment shall be entered by separate Order.

**SO ORDERED.**

---

1. Although not dispositive, it is worth noting that in 1989 Senator Monyihan introduced legislation to modify the definition of "wages and self-employment income" in Section 424a to include wages and self-employment income earned in the employ of the United States. Congress never adopted this proposed modification of the definition of wages for Section 424a.