774 F.2d 997
 11 Soc.Sec.Rep.Ser. 159, Unempl.Ins.Rep. CCH 16,326
William D. JONES, Plaintiff-Appellant,
v.
Margaret M. HECKLER, Secretary of Health and Human Services,
Andrew E. Wakshul, and Frances A. Ramay,
Defendants-Appellees.
 No. 84-1598.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 1, 1985.
 
 William D. Jones, pro se.
 Edwin Meese, III, Atty. Gen., Washington, D.C., Gary L. Richardson, U.S. Atty., Muskogee, Okl., Donald A. Gonya, Randolph W. Gaines, and Gabriel L. Imperato, Attys., Office of the Gen. Counsel, Social Security Div., Dept. of Health and Human Services, Baltimore, Md., for defendants-appellees.
 Before McKAY and SETH, Circuit Judges, and BRIMMER, District Judge.*
 PER CURIAM.
 
 
 1
 This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from an order of the district court dismissing the plaintiff's action challenging the suspension of his Social Security disability benefits while he is in prison. The plaintiff contends on appeal that 42 U.S.C. Sec. 423(f) (the predecessor to 42 U.S.C. Sec. 402(x)), the statute which mandated the suspension of benefits, is unconstitutional because it constitutes a bill of attainder, is an ex post facto law, and violates the double jeopardy, due process, and equal protection clauses.
 
 
 3
 The plaintiff, a state prisoner in Oklahoma since 1978, was notified in May, 1981, that as of October, 1980, he was no longer entitled to receive disability insurance benefits. This determination was based on the finding that the plaintiff, following conviction of an offense which constituted a felony, was incarcerated and, further, that there was no evidence the claimant was participating in a court-approved rehabilitative program.
 
 
 4
 The equal protection and due process arguments were rejected by this court in Buccheri-Bianca v. Heckler, 768 F.2d 1152, No. 85-1019 (10th Cir.1985). We held in that case that 42 U.S.C. Sec. 402(x), the successor to the statute challenged here, did not violate the equal protection or due process clauses.
 
 
 5
 The bill of attainder, double jeopardy, and ex post facto arguments are also without merit. Essential to the success of these arguments is the validity of characterizing the suspension of benefits as punishment. In Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), the Court dismissed a challenge to Sec. 202(n) of the Social Security Act, which provided for the termination of old-age benefits payable to an alien who is deported under the Immigration and Nationality Act on any one of the grounds enumerated in Sec. 202(n). The Court held that the deported alien's retirement benefits were noncontractual government benefits, the denial of which does not constitute punishment within the meaning of the bill of attainder clause.
 
 In Flemming, the Court stated:
 
 6
 In determining whether legislation which bases a disqualification on the happening of a certain past event imposes a punishment, the Court has sought to discern the objects on which the enactment in question was focused. Where the source of legislative concern can be thought to be the activity or status from which the individual is barred, the disqualification is not punishment even though it may bear harshly upon one affected. The contrary is the case where the statute in question is evidently aimed at the person or class of persons disqualified.
 
 
 7
 363 U.S. at 613-614, 80 S.Ct. at 1374.
 
 
 8
 Thus, the suspension of the plaintiff's benefits does not constitute punishment, and the statute challenged here does not constitute a bill of attainder nor an ex post facto law. Hopper v. Schweiker, 596 F.Supp. 689 (M.D.Tenn.1984); Anderson v. Social Security Administration, Dept. of Health and Human Services, 567 F.Supp. 410 (D.Colo.1983). As stated in Anderson,
 
 
 9
 Benefits will become available again to the plaintiff when the state is no longer responsible for providing his food, clothing, shelter and other necessities. There is also an opportunity to have the benefits reinstated while still incarcerated if he becomes eligible through participation in a court approved rehabilitation program. Finally, the statute clearly states that dependents relying on the inmate's disability benefits will continue to receive their benefits while the inmate is confined. These factors cannot be characterized as punitive.
 
 
 10
 567 F.Supp. at 413.
 
 
 11
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 The Honorable Clarence A. Brimmer, Chief Judge, United States District Court for the District of Wyoming, sitting by designation