Jose M. ANDUJAR, Plaintiff-Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.

No. 85–3933
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 17, 1986.

Laura C. Jones, Department of Health & Human Services, Atlanta, Ga., Dorothea Beane, Asst. U.S. Atty., Jacksonville, Fla., for defendant-appellee.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

Andujar's disability benefits were suspended because he was imprisoned after being convicted of two felonies and was not participating in an approved rehabilitation program. See 42 U.S.C. § 402(x)(1) (Supp. II 1985). He challenges the constitutionality and the application of § 402(x)(1), under which his disability benefits were suspended while he was incarcerated. Section 402(x)(1) suspends benefits to a prisoner for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense which constituted a felony under applicable law, unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the Secretary, is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time.

We hold that § 402(x)(1) is constitutional—we find no violation of due process, no punishment without trial, and no bill of attainder or ex post facto law. *Cf. Fleming v. Nestor,* 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960) (holding constitutional the *termination* of old-age benefits payable to an alien who is deported on certain grounds). Andujar's other claims are also without merit.

AFFIRMED.