**Tom WILEY, Appellant,**

v.

**Otis R. BOWEN, Secretary, H.H.S.**

**No. 86–5497.**

United States Court of Appeals,
District of Columbia Circuit.

Argued March 12, 1987.

Decided July 24, 1987.

---

6. *See* Court's Opinion at 1114–1117.

Bruce Smith and James J. Belanger (Student Counsel), with whom Sarah E. Burns, Washington, D.C., and Jane Aiken, were on brief, for appellant.

Sharon L. Reich, Dept. of Justice, with whom Richard K. Willard, Asst. Atty. Gen., Joseph E. diGenova, U.S. Atty. and Robert S. Greenspan, Dept. of Justice, Washington, D.C., were on brief, for appellee.

Before WALD, Chief Judge, EDWARDS, Circuit Judge, and REVERCOMB,* District Judge.

Opinion PER CURIAM.

PER CURIAM.

In 1976, appellant was convicted of manslaughter and manslaughter while armed and was sentenced to 17 years to life. Appellant is currently serving that sentence in the Lorton Reformatory in Virginia. In September, 1980 just prior to his 62nd birthday appellant applied for, and was ultimately granted, old-age benefits under the Social Security program. Appellant regularly received his benefits until June, 1983 when he was notified that pursuant to a 1983 Amendment to the Social Security Act[1] his benefits were being terminated due to his status as an incarcerated felon. After termination of his benefits appellant began participation in a vocational rehabilitation program.

On August 15, 1983, appellant filed a Request for Reconsideration with the Social Security Administration. That request was denied on September 20, 1983. On January 18, 1984, appellant filed a Request for a Hearing and on April 14, 1984, a Request for Expedited Appeal was filed.

On April 22, 1984, Administrative Law Judge Stanford Serber[2] ruled that the suspension of appellant's benefits was appropriate. Appellant filed a Request for Review of Hearing Decision/Order with the Appeals Council of the Office of Hearing and Appeals on June 7, 1984. On September 18, 1984, the Appeals Council denied appellant's request for review letting the ALJ's decision stand final.

In November, 1984 appellant filed a complaint in the United States District Court for the District of Columbia. After the parties filed dispositive cross motions Judge Harold Greene issued a memorandum opinion dismissing appellant's complaint.

Before this Court are two issues. First, is the 1983 amendment to the Social Security Act an ex post facto law? Second, did the Secretary of Health and Human Services exercise an abuse of discretion in promulgating a regulation that distinguishes between classes of benefit claimants?

Appellant contends that the suspension of a vested benefit, the retirement payments which he began receiving in 1980, by operation of a statute made effective in 1983, is ex post facto. We do not agree.

Essential to the success of appellant's argument that the statute and its application are ex post facto is the validity of characterizing the suspension of appellant's retirement benefits as punishment.

In *Flemming v. Nestor*, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), the Supreme Court dismissed a challenge to the provision in the Social Security Act which required termination of old-age benefits

---

* Of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. § 292(a).

1. The 1983 Amendment to the Social Security Act, codified at 42 U.S.C. Sec. 402(x) provides in relevant part:

Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction for

an offense which constituted a felony under applicable law, unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and as determined by the Secretary is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time.

2. Office of Hearings and Appeals of the Department of Health and Human Services Social Security Administration.

payable to an alien who is deported under the Immigration and Nationality Act. The Supreme Court instructed:

> In determining whether legislation which bases a disqualification on the happening of a certain past event imposes a punishment, the Court has sought to discern the objects on which the enactment in question was focused. Where the source of legislative concern can be thought to be the activity or status from which the individual is barred the disqualification is not punishment even though it may bear harshly upon one affected. The contrary is the case where the statute in question is evidently aimed at the person or class of persons disqualified.

Furthermore, in *Flemming* the Court noted that "unmistakable evidence of punitive intent.... is required before a Congressional enactment of this kind may be struck down." *Id.* at 619, 80 S.Ct. at 1377. We conclude that the appellant has not demonstrated such unmistakable evidence.

Nevertheless, we pause to note that appellant's *ex post facto* claim is a troublesome one. Indeed, it appears that in this case Congress has come about as close as possible to the line of unconstitutionality without actually crossing it. First, although the government principally justifies the statute as a cost-saving measure that eliminates payment of retirement benefits to individuals whose basic needs—food, clothing, and shelter—are already provided at the public's expense, the statute singles out incarcerated felons as the class of persons disqualified under the law. If the legislative goal were really fiscal in nature, one would have thought that Congress would have included individuals in public nursing homes and mental institutions, as well as incarcerated misdemeanants, within the scope of the statute's disqualification. By singling out felons for the disability, Congress makes one quite suspicious that its intent was punitive. Moreover, the legislative history of this statute includes statements by the sponsor and other key legislators that reflect a punitive motivation. *See, e.g.*, 129 Cong.Rec. S3627–28 (daily ed. Mar. 22, 1983) (statement of Sen. Grassley); *Receipt of Social Security Benefits by Persons Incarcerated in Penal Institutions: Hearings before the Subcommittee on Social Security of the House Committee on Ways and Means*, 96th Cong., 2d Sess. 8, 24, 83 (1980). In judging the constitutionality of the statute, however, we cannot lightly attribute to the Congress as a whole the impermissible motives of a few of its members. The Supreme Court has cautioned that, at least in this area of the law, "[j]udicial inquiries into Congressional motives are at best a hazardous matter." *Flemming*, 363 U.S. at 617, 80 S.Ct. at 1376. Thus, we are left with the rule that "only the clearest proof could suffice to establish the unconstitutionality of a statute" on the ground "that a punitive purpose in fact lay behind the statute." *Id.* Despite appellant's strong showing, enough doubt remains about the purpose of the statute that we cannot declare it unconstitutional under the standard established in *Flemming*.

■ Several circuit courts of appeals have previously concluded that the very same legislative enactment, the 1983 amendment to the Social Security Act which created 42 U.S.C. Sec. 402(x) did not constitute punishment and thus did not constitute an ex post facto law. *Peeler v. Heckler*, 781 F.2d 649, 651–52 (8th Cir. 1986); *Jones v. Heckler*, 774 F.2d 997, 999 (10th Cir.1985). The unanimous judgment of our colleagues further persuades us that appellant fails to meet the extremely difficult standard articulated in *Flemming*.

Appellant next contends that the regulations promulgated by the Secretary constitute an abuse of discretion in that it creates an unjustified irrebuttable presumption.

The Secretary's regulation[3] provides in essence that the general rule of nonpay-

---

**3.** The regulation 20 C.F.R. 404.468, titled Nonpayment of Benefits to Prisoners, provides in relevant part:

(a) General. No monthly benefits will be paid to any individual for any month any part of which the individual is confined in a jail, prison, or other penal institution or correctional facility for conviction of a felony. This rule applies to disability benefits (Sec. 404.-315) and child's benefits based on disability

ment of benefits to incarcerated felons will not apply where the prisoner is actively and satisfactorily participating in a rehabilitation program. The regulation explicitly alludes to those prisoners entitled to benefits on the basis of disability. The regulation is silent on prisoners entitled to old age benefits and their eligibility for participation under the rehabilitation program exception.

Appellant argues that in omitting prisoners entitled to old age benefits from the rehabilitation program exception rather than applying the exception to all incarcerated felons on a case by case basis the Secretary was engaged in legislating which constitutes an abuse of discretion. Appellant further argues that the Secretary exercised an abuse of discretion in that there was no statutory delegation to the Secretary to make the determination that all felons of retirement age could never engage in substantial gainful activity upon their release. The Secretary's regulation, appellant asserts, creates an irrebuttable presumption as to the ability of elder felons to engage in substantial gainful activity; a presumption which is invalid unless it can be rationally justified.

Appellant contends that it is entirely conceivable that Congress desired to make the rehabilitation program exception available to all incarcerated felons to develop skills that are socially desirable and humanly edifying. Prisoners eligible for old-age benefits, appellant contends, are just as likely to engage in substantial gainful activity upon release from prison as are prisoners otherwise eligible for disability benefits. Previously, the Second Circuit has read substantial gainful activity and the rehabilitation program exception as an incentive only for disabled prisoners to pursue physical and vocational rehabilitation programs which would ultimately reduce or eliminate their disability benefits. *Zipkin v. Heckler* 790 F.2d 16, 19 (2d Cir.1986).

We are inclined to conclude that the statute does not prohibit the Secretary from distinguishing between these two classes of claimants. However, it is a well-established principle of administrative rule-making that an agency's failure to cogently explain why it has exercised its discretion in a given manner renders its decision arbitrary and capricious and subject to remand for the purposes of explaining the basis and purpose of the rule. *Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29, 48, 103 S.Ct. 2856, 2869, 77 L.Ed.2d 443 (1983); *International Ladies' Garment Workers Union v. Donovan* 722 F.2d 795, 815, 818 (D.C.Cir.1983). The rulemaking record before this Court contains no justification for the distinction drawn by the Secretary. In conclusion, we affirm the District Court's determination that the statute was not unconstitutional ex post facto law, and we reverse the District Court's decision upholding the regulation and remand with instructions to return the matter to the Secretary for proceedings as may be warranted.

*It is so ordered.*

(Sec. 404.350) effective on or after October 1, 1980. For all other monthly benefits, this rule is effective with benefits payable for months beginning on or after May 1, 1983.... (d) Vocational rehabilitation exception. The non-payment provision of paragraph (a) of this section does not apply if a prisoner who is entitled to benefits on the basis of disability is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for the individual by court of law. In addition, the Secretary must determine that the program is expected to result in the individual being able to do substantial gainful activity upon release and within a reasonable time. No benefits will be paid to the prisoner for any month prior to the approval of the program.