For the forgoing reasons the opinion of the district court is affirmed.

AFFIRMED.

**Edward Collins DAVIS, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary, Department of Health and Human Services; Robert W. Goodman, Administrative Law Judge, Defendant-Appellee.**

**No. 86–1138.**

United States Court of Appeals, Fourth Circuit.

Argued May 4, 1987.

Decided Aug. 13, 1987.

Edwin Pate Bailey, Student Counsel (Barry Nakell, School of Law, University of North Carolina, on brief), for plaintiff-appellant.

Clifford Carson Marshall, Jr., Asst. U.S. Atty. (Charles R. Brewer, U.S. Atty., on brief), for defendant-appellee.

Before WIDENER, PHILLIPS, and WILKINS, Circuit Judges.

WILKINS, Circuit Judge:

Edward Collins Davis, an incarcerated felon, appeals the district court's dismissal of an action challenging suspension of his social security retirement benefits. He argues that 42 U.S.C.A. § 402(x) (West Supp. 1987), which mandates the suspension of benefits, is a violation of the due process and equal protection guarantees of the fifth amendment. We find no constitutional violation and affirm.

## I.

Davis has been imprisoned since 1974 on a felony conviction. In 1981, he applied for and was granted social security retirement benefits effective on the date of his sixty-second birthday, December 16, 1981. These benefits were suspended effective May 1, 1983 pursuant to 42 U.S.C.A. § 402(x) (West Supp.1987).

The suspension was upheld by an administrative law judge and the Appeals Council. Davis then filed suit in district court alleging that Section 402(x) is cruel and unusual punishment, an *ex post facto* law, and a violation of equal protection and due process. On motion of the Secretary, the district court dismissed the action, finding that "based on the facts as stated in plaintiff's complaint, there is no basis for recovery under the Social Security Act...."

## II.

Social security benefits are noncontractual benefits under a social welfare system and Congress has reserved the right to modify the scheme of benefits. *Flemming v. Nestor*, 363 U.S. 603, 611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960). Suspension of benefits is unconstitutional "only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification" and not rationally related to legitimate goals. *Flemming*, 363 U.S. at 611, 80 S.Ct. at 1373; *Weinberger v. Salfi*, 422 U.S. 749, 769, 95 S.Ct. 2457, 2469, 45 L.Ed.2d 522 (1975).

Prior to 1980, an otherwise qualified prisoner was eligible for social security disability and retirement benefits. In 1980, Congress amended Section 223 of the Social Security Act, adding subsection (f) which suspended disability benefits:

> [T]o any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense which constituted a felony under applicable law, unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the Secretary, is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time.

Act of October 19, 1980, Pub.L. No. 96–473, § 5(c), 94 Stat. 2263, 2265 (1980); 42 U.S.C.A. § 423(f). In 1983, Congress repealed subsection (f) and amended Section 202 of the Social Security Act, adding subsection (x), which suspended both disability and retirement benefits using the same language as quoted above. Social Security Amendments of 1983, Pub.L. No. 98–21, § 339, 97 Stat. 65, 133–34, (April 20, 1983); 42 U.S.C.A. § 402(x) (West Supp.1987).

Several circuits have upheld the constitutionality of Section 402(x) and its predecessor Section 423(f) against a variety of challenges. Although Davis abandoned his *ex post facto* and eighth amendment challenges on appeal, we note with approval that the Tenth and Eighth Circuits have upheld the suspension of disability benefits against similar challenges, finding that the suspension is not punishment. *Peeler v. Heckler*, 781 F.2d 649 (8th Cir.1986); *Jones v. Heckler*, 774 F.2d 997 (10th Cir.1985); *Jensen v. Heckler*, 766 F.2d 383 (8th Cir.), *cert. denied*, 474 U.S. 945, 106 S.Ct. 311, 88 L.Ed.2d 288 (1985). The Third and Eighth Circuits have held that the suspension of disability benefits does not violate due process or equal protection. *Jensen, supra; Washington v. Secretary of Health and Human Services*, 718 F.2d 608 (3rd Cir.1983). The Tenth and Second Circuits have specifically held that suspension of retirement benefits under Section 402(x) does not violate due process. *Zipkin v. Heckler*, 790 F.2d 16 (2d Cir.1986); *Buccheri-Bianca v. Heckler*, 768 F.2d 1152 (10th Cir.1985). The Second Circuit also held that the suspension of retirement benefits does not violate equal protection. *Zipkin, supra*. However, the constitutionality of suspension of retirement benefits under Section 402(x) is an issue of first impression in this circuit and the specific contention raised by Davis on appeal apparently has not been addressed by any other circuit.

Davis contends that application of the rehabilitation exception to suspension of retirement benefits is lacking in rational justification. Specifically, he asserts that it is irrational to require an otherwise eligible prisoner to participate in an approved vocational rehabilitation program as a prerequisite to receipt of retirement benefits since there is no basic disability criteria for retirement benefits eligibility.

Under the authority granted in Section 402(x), the Secretary made a legitimate determination that participation by any claimant of retirement benefits in a rehabilitation program cannot be "expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time." Pursuant to that determination, the Secretary promulgated Regulation 404.468(d), which provides in part:

The nonpayment provision ... does not apply if a prisoner who is entitled to benefits on the basis of *disability* is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for the individual by court of law.

20 C.F.R. § 404.468(d) (1986) (emphasis added). Thus, the Secretary's interpretation of Section 402(x) effectively suspends retirement (as opposed to disability) benefits for all otherwise qualified prisoners. This blanket suspension is consistent with the statutory grant of discretion and rationally promotes the legitimate underlying congressional policy goal of conserving scarce social security resources where a prisoner's basic economic needs are provided from other public sources.

AFFIRMED.