144 F.3d 622
 57 Soc.Sec.Rep.Ser. 15, 98 Cal. Daily Op. Serv. 3659,
98 Daily Journal D.A.R. 5045
Robert Burdett BUTLER, Plaintiff-Appellant,
v.
Kenneth S. APFEL, Acting Commissioner, Social Security
Administration, Respondent and Appellee.
 No. 97-15497.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 14, 1998.
Decided May 14, 1998.
 
 Laura A. Aguilar, Jennifer A. Garcia, Dale H. Cardy, Law Students, Willie Jordan-Curtis, Ph.D., J.D., Tucson, Arizona, for plaintiff-appellant.
 Donna W. Anderson, San Francisco, California, for defendant-appellee.
 Appeal from the United States District Court For the District of Nevada; Edward C. Reed, Jr., District Judge, Presiding. D.C. No. CV-N-95-055-ECR.
 Before: GOODWIN, FLETCHER and D.W. NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Burdett Butler challenges the constitutionality of 42 U.S.C. § 402(x) which mandates the suspension of his social security benefits because he is a convicted felon currently incarcerated in prison. Butler claims that § 402(x) violates the due process and equal protection clauses of the Fifth Amendment and acts as an invalid ex post facto law and bill of attainder in violation of Article 9, Section 1. The district court dismissed Butler's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. We have jurisdiction pursuant to 28 U.S.C. § 1291. We find that the district court had subject matter jurisdiction over Butler's claim. We affirm the district court based only on Butler's failure to state a claim upon which relief can be granted.
 
 BACKGROUND
 
 2
 Butler is a seventy-seven year old inmate currently housed at the Southern Nevada Correction Center in Jean, Nevada. Butler applied for and was granted social security retirement benefits in 1983. Subsequently, Butler was incarcerated to serve numerous life sentences in the Nevada prison system. In February 1993, the Social Security Administration determined that Butler is not entitled to benefits while incarcerated pursuant to section 202(x) of the Social Security Act, codified as 42 U.S.C. § 402(x). An administrative law judge affirmed the decision to suspend Butler's benefits. The ALJ's decision became final when the social security Appeals Council declined review on December 2, 1994. Butler then commenced this action for judicial review.
 
 
 3
 In October of 1996, the Commissioner moved to dismiss claiming a lack of jurisdiction and failure to state a claim upon which relief may be granted. In January of 1997, the district court provisionally dismissed the complaint on both grounds with leave to amend. The district court entered a final order dismissing the action on March 4, 1997.
 
 I. JURISDICTION
 
 4
 As an initial matter, Butler filed this claim pro se as a Bivens claim. The government is correct that Butler cannot pursue a Bivens action for the denial of social security benefits. See Schweiker v. Chilicky, 487 U.S. 412, 423-24, 108 S.Ct. 2460, 2467-68, 101 L.Ed.2d 370 (1987) (limiting remedies to those specifically provided for in the Social Security Act). However, the government acknowledges that, since Butler had exhausted his remedies under the Social Security Act and had properly named the Commissioner as defendant, his claim is proper under 42 U.S.C. § 405(g). We agree with the parties that Butler's claim should be treated as a claim under § 405(g) against the Commissioner in his official capacity and, therefore hold that the district court had subject matter jurisdiction.
 
 II. CONSTITUTIONALITY OF 42 U.S.C. § 402(x)
 
 5
 Dismissals for failure to state a claim upon which relief can be granted are reviewed de novo. Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 559, 139 L.Ed.2d 401 (1997). "A complaint should not be dismissed unless it appears beyond a reasonable doubt that the Plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. In reviewing the dismissal, [the panel] must take all allegations of material fact in the Complaint as true and construe them in the light most favorable to the Plaintiffs." Id. (citations omitted).A. Substantive Due Process and Equal Protection
 
 
 6
 Butler's due process claim is that § 402(x) lacks a rational justification. We disagree. The Supreme Court has limited relief for Social Security classifications finding that "the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification." Flemming v. Nestor, 363 U.S. 603, 611, 80 S.Ct. 1367, 1372-73, 4 L.Ed.2d 1435 (1960). With regard to review of legislative classifications, the Supreme Court has said:
 
 
 7
 The problem of legislative classification is a perennial one, admitting of no doctrinaire definition. Evils in the same field may be of different dimensions and proportions, requiring different remedies. Or so the legislature may think. Or the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind. The legislature may select one phase of one field and apply the remedy there, neglecting the others. The prohibition of the Equal Protection Clause goes no further than the invidious discrimination.
 
 
 8
 Williamson v. Lee Optical, 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955) (citations omitted). As a result, congressional allocations of scarce welfare resources are accorded a "strong presumption of constitutionality." Schweiker v. Wilson, 450 U.S. 221, 238, 101 S.Ct. 1074, 1084-85, 67 L.Ed.2d 186 (1981) (quotation and citation omitted). The rational basis presented by the government is to conserve scarce resources. Butler argues that this justification is false because § 402(x) treats prisoners differently from other social security beneficiaries. See Wiley v. Bowen, 824 F.2d 1120, 1122 (D.C.Cir.1987) ("If the legislative goal were really fiscal in nature, one would have thought that Congress would have included individuals in public nursing homes and mental institutions, as well as incarcerated misdemeanants, within the scope of the statute's disqualification."). We reject Butler's argument. There is nothing irrational about Congress's stated goal of conserving social security resources, and Congress can incrementally pursue that goal.[1]
 
 
 9
 For the same reasons, Butler's equal protection claim fails under rational basis review. Butler's first argument under equal protection is that the statute impermissibly distinguishes between old-age recipients and disabled recipients with respect to continuing payments if participating in a rehabilitation program. This argument has been rendered moot by the 1994 amendments to § 402(x) which eliminated the rehabilitation exception. See 42 U.S.C. § 402(x) (Supp.1998); see also Milner v. Callahan, 980 F.Supp. 935, 936 (N.D.Ill.1997).
 
 
 10
 Next, Butler contends that § 402(x) is patently arbitrary because it treats incarcerated prisoners differently than other persons receiving public assistance (such as those residing in public nursing homes and mental institutions). In conserving resources, Congress could legitimately choose to save on prisoners versus other wards of the state. See Williamson v. Lee Optical, 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955) (holding that the legislature can selectively reform without violating the Equal Protection Clause). All that is required is that there be a rational basis for the legislation, hypothetical or actual. See id. at 488, 75 S.Ct. at 464-65. Since any number of rationales could be put forth, we do not find Congress's actions arbitrary.
 
 
 11
 Nor are we persuaded by Butler's argument that younger prisoners are treated differently than older prisoners. Younger prisoners are not similarly situated to older prisoners with respect to social security benefits. Section 402(x) does not impermissibly discriminate against any class of prisoners.B. Bill of Attainder and Ex Post Facto Clauses
 
 
 12
 Butler also claims that § 402(x) constitutes additional punishment and therefore violates prohibitions against bills of attainder and ex post facto laws. U.S. Const. Art. I, § 9. "An ex post facto law is the imposition of what can fairly be designated punishment for past acts. If a statute is enacted to punish a class ... then the statute may violate the ex post facto clause." Jensen v. Heckler, 766 F.2d 383, 386 (8th Cir.1985) (citations, quotations and alterations omitted). Similarly, a bill of attainder involves a statute imposing punishment without the benefit of trial. Id. (citing Nixon v. Administrator of Gen. Servs., 433 U.S. 425, 468, 97 S.Ct. 2777, 2802-03, 53 L.Ed.2d 867 (1977)). Under either prohibition, the touch-stone for our analysis is whether § 402(x) is a form of punishment.
 
 
 13
 In Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), the Supreme Court dismissed a similar challenge to a provision of the Social Security Act that terminated old-age benefits to deported aliens. The Court held that "the sanction is the mere denial of a noncontractual governmental benefit." Id. at 617, 80 S.Ct. at 1376. In so holding, the Court found "that only the clearest proof [can] suffice to establish the unconstitutionality of a statute on such a ground. Judicial inquiries into Congressional motives are at best a hazardous matter, and when that inquiry seeks to go behind objective manifestations it becomes a dubious affair indeed." Id. The Court also found "a presumption of constitutionality," id., and that a challenger needs to show "unmistakable evidence of punitive intent," id. at 619, 80 S.Ct. at 1377.
 
 
 14
 Butler argues that Congress specifically targeted convicted felons by not mentioning the other classes of people who are supported at taxpayers' expense but are still entitled to social security benefits and that the legislative history demonstrates a punitive intent. As evidence, Butler characterizes statements made by Senator Grassley, see 129 Cong. Rec. 6616 (1983), as revealing Congress's punitive intent.[2]
 
 
 15
 Having reviewed Senator Grassley's statements and other legislative history, we do not find unmistakable evidence of a punitive motive. While Senator Grassley did state that "the basic goal in adopting such a law is not to generate general revenues," he said nothing about a goal of punishment. 129 Cong. Rec. 6616 (1983). To the extent that Senator Grassley's statements might reflect congressional intent in passing § 402(x), they state a permissible intent to restore taxpayer confidence in the Social Security System by eliminating the double payment to maintain prisoners through the prison system and also through the social security system. Id. (noting that "[o]ur efforts to eliminate similar aberrations should not stop here. We should continue in this vein to halt the draining of scarce social security funds to such unintended recipients") (emphasis added). Other documents demonstrating § 402(x)'s legislative history do not reflect a punitive intent. See, e.g., Social Security, Pub.L. No. 96-473, 1980 U.S.C.C.A.N. 4787 at 4794. Therefore, we hold that the government's proffered motive, conserving welfare resources, is legitimate and its actions rationally are related to that motive.
 
 
 16
 C. As Applied Challenge--Procedural Due Process
 
 
 17
 Finally, Butler argues that he was denied procedural due process because he was unable to attend a meaningful hearing before an ALJ to review the termination of his benefits. The Supreme Court has not set any fixed rule for determining the adequacy of process. Rather, it has held that "due process is flexible and calls for such procedural protections as the particular situation demands." Mathews v. Eldridge, 424 U.S. 319, 334, 96 S.Ct. 893, 902-03, 47 L.Ed.2d 18 (1976) (quotation and citation omitted). Specifically, "due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest." Id. at 335, 96 S.Ct. at 903.
 
 
 18
 Butler points to Mathews and Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), apparently to show the importance of hearings to redress the termination of welfare and social security benefits. Butler's claim is that he wants access to the hearing or the functional equivalent of a hearing to air his grievances. The government argues that the second prong of Mathews-the probable value of additional safeguards-is not met. We agree. Butler fails to show what, if anything, could be shown at an improved hearing process. The statute leaves no room for discretion-the only issue is whether Butler is a convicted felon serving time in prison. He is, and we find that the Social Security Administration's provision of a phone hearing is more than sufficient to allow Butler to dispute that one relevant fact.
 
 CONCLUSION
 
 19
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 We find that every other circuit to address the constitutionality of § 402(x) on rational basis review has upheld the statute. See Davis v. Bowen, 825 F.2d 799, 801 (4th Cir.1987); Andujar v. Bowen, 802 F.2d 404, 405 (11th Cir.1986); Zipkin v. Heckler, 790 F.2d 16, 19 (2d Cir.1986); Buccheri-Bianca v. Heckler, 768 F.2d 1152, 1155 (10th Cir.1985); Jensen v. Heckler, 766 F.2d 383, 385 (8th Cir.1985). Even the court in Wiley, which only addressed the ex post facto issue, ultimately concluded that the statute was valid under Flemming. 824 F.2d at 1122
 
 
 [2]
 In support of Butler's characterization of Senator Grassley's statements, the D.C. circuit in Wiley found the statements to be troubling. 824 F.2d at 1122. However, the court declined to find punitive intent noting that "judicial inquiries into Congressional motives are at best a hazardous matter." Id. (quoting Flemming, 363 U.S. at 617, 80 S.Ct. at 1376). Nor has any other circuit reviewing this statute found a punitive intent sufficient under Flemming. See Caldwell v. Heckler, 819 F.2d 133, 134 (6th Cir.1987); Andujar, 802 F.2d at 405 (11th Cir.); Jones v. Heckler, 774 F.2d 997, 998-999 (10th Cir.1985); Jensen, 766 F.2d at 386 (8th Cir.)