**Frank LANGELLA, Plaintiff–Appellant,**

v.

**GOVERNMENT OF the UNITED STATES, Defendants–Appellees.**

No. 00–6277.

United States Court of Appeals, Second Circuit.

April 27, 2001.

Frank Langella, Yonkers, NY, pro se.

Andrew D. O'Toole, Assistant United States Attorney; Mary Jo White, United States Attorney, and Gideon A. Schor, Assistant United States Attorney, on the brief, New York, NY, for appellees.

Present WALKER, Chief Judge, McLAUGHLIN and POOLER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*) be and hereby is AFFIRMED IN PART and VACATED IN PART.

Plaintiff-appellant Frank Langella, pro se, appeals from a July 12, 2000 judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*) dismissing *sua sponte*, pursuant to 28 U.S.C. § 1915, Langella's complaint. On appeal, Langella argues that the Commissioner of the Social Security Administration ("SSA") erroneously denied Langella's request to waive the overpayment of his retirement benefits pursuant to 20 C.F.R. § 404.506(a). He also argues that 42 U.S.C. § 402(x), which governs the payment of retirement benefits to those incarcerated, is unconstitutional.

Around July 1994, the SSA began paying Langella retirement benefits. On April 19, 1994, a jury convicted Langella of extortion under color of official right in violation of 18 U.S.C. § 1951(a). This court affirmed Langella's conviction by summary order. *See Langella v. United States,* 1995 WL 732755, 1995 U.S.App.

LEXIS 39863 (2d Cir. Dec. 8, 1995) (citing *United States v. Calvi & Langella*, Nos. 94–1409, 94–1423, 94–1441, 52 F.3d 312 (2d Cir. Mar. 31, 1995)). Langella began serving his 18 month sentence in June 1995. On July 28, 1996, the SSA notified Langella that (1) it was stopping his retirement benefits because he was imprisoned for a conviction of a felony, and (2) the SSA had overpaid Langella by erroneously continuing to pay Langella retirement benefits for the first 13 months of his incarceration. Langella requested that the SSA waive recovery of the overpayment, but his request was denied. The denial of the waiver was subsequently affirmed by the Appeals Council of the SSA. The Appeals Council informed Langella of his right to seek judicial review of its decision pursuant to 42 U.S.C. § 405(g). Langella brought suit in the district court on March 17, 2000.

This court has not yet identified the standard of review applicable to dismissals under 28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis*. We need not decide the proper standard at this time, however. As discussed below, with the exception of the claim relating to the waiver of overpayment, the district court's dismissal of the complaint was proper under either a de novo or an abuse of discretion standard of review.

■ We agree with the district court that the United States and the various individual defendants, sued in their official capacities, were immune from suit. *See* 42 U.S.C. § 405(h); *United States v. Nordic Village Inc.*, 503 U.S. 30, 34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992) (discussing immunity of United States); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.1994) (discussing federal officers acting in their official capacity); *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir.1990) (discussing judicial immunity).

Moreover, Langella cannot bring his claims under the Federal Tort Claims Act because negligent mishandling of social security benefits is not cognizable under this statute. *See Weinberger v. Salfi*, 422 U.S. 749, 756–61, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); 42 U.S.C. § 405(h).

■ Langella claims that 42 U.S.C. § 402(x) violates the Due Process and Equal Protection Clauses of the Fifth Amendment, and constitutes an *ex post facto* law, and a bill of attainder. These claims are meritless. Section 402(x) provides that Social Security retirement benefits shall not be paid for any month any part of which the beneficiary is incarcerated for conviction of a felony or any crime that carries a term of imprisonment more than one year. *See* 42 U.S.C. § 402(x); 20 C.F.R. § 404.468(a). This court has ruled that the suspension of Social Security benefits during incarceration does not violate either due process or equal protection. *See Zipkin v. Heckler*, 790 F.2d 16, 19 (2d Cir.1986) (per curiam). Moreover, every circuit court to consider whether section 402(x) violates the prohibitions against bills of attainder or *ex post facto* laws has concluded that it does not, and we decline to take this opportunity to hold otherwise at this time. *See Butler v. Apfel*, 144 F.3d 622, 626 (9th Cir.1998) (per curiam); *Caldwell v.. Heckler*, 819 F.2d 133, 134 (6th Cir.1987) (per curiam); *Davis v.. Bowen*, 825 F.2d 799, 801 (4th Cir.1987); *Wiley v. Bowen*, 824 F.2d 1120, 1122 (D.C.Cir.1987) (per curiam); *Peeler v. Heckler*, 781 F.2d 649, 651–52 (8th Cir.1986); *Andujar v. Bowen*, 802 F.2d 404, 405 (11th Cir.1986) (per curiam); *Jensen v. Heckler*, 766 F.2d 383, 386 (8th Cir.1985); *Jones v. Heckler*, 774 F.2d 997, 998 (10th Cir.1985) (per curiam).

As to Langella's argument regarding the waiver of overpayment, we conclude that dismissal was improper. The SSA concedes that Langella's appeal of the SSA's

decision was timely filed and requests that this court remand that claim to the district court with instructions to remand further Langella's request for waiver of the overpayment to the SSA pursuant to 42 U.S.C. § 405(g). The SSA states that, if we do so, it will conduct a new hearing with respect to Langella's claim for a waiver of overpayment under 20 C.F.R. § 404.506(a). Because this is the relief that would have been accorded Langella had he prevailed on his claim in the district court originally, we agree that the SSA's proposed course of action is appropriate in this case.

We have carefully considered Langella's remaining arguments and have found them to be without merit. The judgment of the district court is vacated to the extent that it dismissed the claim against the SSA regarding the waiver of overpayment. That matter is remanded to the district court with instructions to remand that claim to the SSA for rehearing. In all other respects, the judgment of the district court is affirmed.