[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 3, 2007
THOMAS K. KAHN
CLERK

No. 06-11424
Non-Argument Calendar
_____

D. C. Docket No. 05-00799-CV-2-IPJ-HGD

CHARLES ALLEN TREECE,

Plaintiff-Appellant,

versus

QUITTIE C. WILSON, Assistant
Regional Commissioner, Processing
Center at Southeastern Program
Service Center, Social Security,
SOCIAL SECURITY ADMINISTRATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

**(January 3, 2007)**

Before ANDERSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Charles Allen Treece, a prisoner proceeding pro se, filed a complaint against the Social Security Administration ("SSA"), seeking relief under, inter alia, Bivens,[1] 42 U.S.C. §§ 405(o) and 407(a) (provisions of the Social Security Act), the Administrative Procedures Act ("APA"), and the Federal Tort Claims Act ("FTCA"), and alleging that his constitutional rights have been violated because he has not received any Social Security retirement checks since the SSA initially "approved" his entitlement to benefits on August 25, 2003. Specifically, Treece alleged that the SSA's failure to pay his old-age benefits pursuant to 42 U.S.C. § 402(x)[2] violates his rights under the Fourth Amendment's prohibition against unlawful seizure, the Eighth Amendment's prohibition against excessive fines, the Double Jeopardy Clause, the Equal Protection Clause, and the Ex Post Facto Clause. He further alleged that the SSA denied him due process and access to the courts by unduly delaying a response to his appeal filed in October 2004. Treece

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation, 403 U.S. 388, 91 S.Ct. 1999 (1971).

[2] The current version of § 402(x)(1)(A)(i), provides:
> Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual—is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense.

42 U.S.C. § 402(x)(1)(A)(i) (2004).

also requested leave to pursue a <u>Bivens</u> claim against Quittie C. Wilson, Assistant Regional Commissioner for the Social Security Processing Center at the Southeastern Program Service Center, "in his/her official and personal capacity."

The district court dismissed Treece's complaint for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915A(b) of the Prison Litigation Reform Act, holding that Treece could not recover under <u>Bivens</u> or the FTCA and rejecting his constitutional challenges. Treece now appeals.

## DISCUSSION

On appeal, Treece argues that he is entitled to proceed under <u>Bivens</u> and the FTCA, and that the suspension of his Social Security benefits under 42 U.S.C. § 402(x) violates the Ex Post Facto Clause, the Due Process Clause, the Equal Protection Clause, the Takings Clause, the Double Jeopardy Clause, the Fourth Amendment's prohibition against unlawful seizures, and the Eighth Amendment's prohibitions against excessive fines and cruel and unusual punishment.[3]

Under 28 U.S.C. § 1915A, the district court is required to screen civil complaints filed by prisoners against governmental officers or entities, and shall

---

[3] In his Brief, Treece also alleges that the SSA's suspension of his old-age retirement benefits pursuant to § 402(x) violates the Supremacy Clause, his right against self-incrimination, and constitutes a bill of attainder. He further alleges that the SSA has defrauded him by using an incorrect social security number in its response to Treece's October 2004 appeal to the SSA's Southeastern Program Service Center. Because Treece raises these arguments for the first time on appeal, we do not consider them. See <u>Narey v. Dean</u>, 32 F.3d 1521, 1526-27 (11th Cir. 1994).

dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A(a), (b)(1). This court reviews de novo the sua sponte dismissal of a complaint under 28 U.S.C. § 1915A. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Id. (citation omitted). Nonetheless, federal courts have discretion to dismiss pro se claims if they lack arguable basis either in fact or in law. Nietzke v. Williams, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 1831-32 (1989).

A. Bivens

Treece argues that contrary to the district court's ruling, he does have a cause of action under Bivens. As the district court stated, however, the Supreme Court has declined to imply a Bivens remedy for people improperly denied Social Security benefits, Schweiker v. Chilicky, 487 U.S. 412, 425, 108 S.Ct. 2460, 2468 (1988), and in FDIC v. Meyer, 510 U.S. 471, 484-86, 114 S.Ct. 996, 1005-06, 127 L.Ed.2d 308 (1994), the Court held that Bivens actions may not be brought directly against federal agencies such as the SSA. Id. Thus, we conclude that Treece is not entitled to maintain a Bivens action in this matter.[4]

---

[4] As the Government notes in its Brief, Treece never served Mr. Wilson with a summons or the complaint, and Mr. Wilson never had an opportunity to raise any defenses to Treece's claims in the district court. Indeed, the Government expressly states that its brief is filed "solely on behalf of" the SSA. Accordingly, to the extent Treece's arguments on appeal pertain to

B.  Federal Tort Claims Act

Treece also argues that he is entitled to relief under the FTCA.  We review the application of the FTCA de novo.  Andrews v. United States, 121 F.3d 1430, 1438 (11th Cir. 1997).  The FTCA waives the federal government's sovereign immunity as to negligent or wrongful actions by its employees within the scope of their official duties, where a "private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  But constitutional claims are not cognizable under the FTCA's jurisdictional provision, and the United States is not liable for damages under the FTCA for suits arising out of constitutional violations.  Meyer, 510 U.S. at 478, 114 S.Ct. at 1001 (holding that "§ 1346(b)'s reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA" such that "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims"); Couden v. Duffy, 446 F.3d 483, 499 (3d Cir. 2005); Williams v. United States, 242 F.3d 169, 175 (4th Cir. 2001).  Here, Treece's complaint contains only constitutional claims, which are not cognizable under the FTCA.  Meyer, 510 U.S. at 478, 114 S.Ct. at 1001.

C.  Constitutional Arguments

---

claims against Wilson, we do not consider them.

5

Treece contends that suspending his old-age benefits under 42 U.S.C. § 402(x) violates the Ex Post Facto Clause because the statute was amended seven days before Treece received his prison sentence. But as the district court noted, the version of § 402(x) in place before Treece's conviction and sentence also allowed the SSA to suspend the old-age benefits of convicted felons during their incarceration.[5] Thus, Treece's ex post facto challenge is without merit.

Moreover, Treece's argument that the suspension of old-age benefits during incarceration violates the Due Process Clause was expressly rejected by this court in Andujar v. Bowen, 802 F.2d 404, 405 (11th Cir. 1986) ("We hold that § 402(x)(1) is constitutional—we find no violation of due process, no punishment without trial, and no bill of attainder or ex post facto law."). And because "[y]ounger prisoners are not similarly situated to older prisoners with respect to

---

[5] Prior to the 1994 amendment to which Treece refers, § 402(x) allowed for the suspension of benefits to any person during any month in which he was incarcerated pursuant to a felony conviction unless he satisfactorily participated in a court-approved rehabilitation program. 42 U.S.C. § 402(x) (1994). The Social Security Domestic Employment Reform Act of 1994, Pub. L. No. 103-387, 108 Stat. 4071, 4076 (1994), which became effective 90 days after its enactment on October 22, 1994, amended § 410 by replacing the "felony" terminology with "an offense punishable by imprisonment for more than 1 year," and abolishing the rehabilitation-program exception. Id. Treece's incarceration is pursuant to a felony conviction, and he has never alleged eligibility for the rehabilitation-program exception. In 1999, the statute was amended by the Ticket to Work and Work Incentives Improvement Act of 1999, Pub. L. No. 106-170, 113 Stat. 1860, 1908 (1999), which eliminated the clause "an offense punishable by imprisonment for more than 1 year" and substituted the language "a criminal offense." Id. Because Treece became eligible for old-age benefits in 2003, this latest version of § 402(x) applies to him. Treece has never contended that his offense was not "punishable by imprisonment of more than 1 year" or a "criminal offense."

6

social security benefits. . . . Section 402(x) does not impermissibly discriminate against any class of prisoners," his equal protection challenge is likewise meritless. Butler v. Apfel, 144 F.3d 622, 625 (9th Cir. 1998); see also Davis v. Bowen, 825 F.2d 799 (4th Cir. 1987); Zipkin v. Heckler, 790 F.2d 16, 19 (2d Cir. 1986). Furthermore, as our sister circuits have held, suspension of Social Security benefits during incarceration constitutes neither punishment nor an excessive fine. See Wiley v. Bowen, 824 F.2d 1120, 1122 (D.C. Cir. 1987); Peeler v. Heckler, 781 F.2d 649, 651-52 (8th Cir. 1986). Therefore, § 402(x) violates neither the Eighth Amendment nor the Double Jeopardy Clause. And because the suspension of Treece's old-age benefits during his incarceration is otherwise constitutional, Treece has no legal entitlement to those benefits while he is incarcerated, and therefore, the suspension constitutes neither a "taking" without just compensation under the Fifth Amendment nor an unlawful seizure under the Fourth Amendment.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court.

7