MEMORANDUM **
Deborah Kay Wilson appeals pro se from the district court’s judgment dismissing her action challenging the Social Security Administration’s decision deferring her disability benefits to offset debt owed to the U.S. Department of Education. Wilson also appeals from the district court’s orders denying her Rule 60(b) motion and Rule 59(e) motions for post-judgment relief. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust administrative remedies under the Social Security Act. Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir.2003). We review for an abuse of discretion denial of Wilson’s post-judgment motions. See United States v. Asarco, Inc., 430 F.3d 972, 978 (9th Cir.2005) (Rule 60(b)); McQuillion v. Duncan, 342 F.3d 1012, 1014 (9th Cir.2003) (Rule 59(e)). We affirm.
The district court properly dismissed Wilson’s challenge to the Social Security Administration’s benefits determination because Wilson failed to exhaust administrative remedies. See Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir.1989) (per curiam) (holding that a claimant’s failure to exhaust administrative remedies under 42 U.S.C. § 405(g) deprives a district court of jurisdiction).
The district court properly determined that Wilson’s failure to exhaust administrative remedies under the Federal Tort Claims Act deprived the district court of jurisdiction over Wilson’s tort law claims. See Brady v. United States, 211 F.3d 499, 502 (9th Cir.2000).
The district court properly dismissed Wilson’s constitutional claims because Wilson “cannot pursue a Bivens action for the denial of social security benefits.” Butler v. Apfel, 144 F.3d 622, 624 (9th Cir.1998) (per curiam).
The district court did not abuse its discretion by denying Wilson’s post-judgment motions.
Wilson’s remaining contentions are unpersuasive.
All pending motions are denied.
AFFIRMED.

This disposition is not appropriate for publication and is not precedent except as provid-edby 9th Cir. R. 36-3.