**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CHADERICK A. INGRAM, | No. 09-17527 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01712-KJM |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY and VAN NGUYEN, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Magistrate Judge, Presiding[**]

Submitted October 19, 2010[***]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Chaderick A. Ingram appeals pro se from the district court's judgment

dismissing his action against the Commissioner of Social Security and a Social

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Security Administration employee alleging improper supplemental security income withholding and improper assignment of a representative payee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals for lack of subject matter jurisdiction and for failure to state a claim. *Kildare v. Saenz*, 325 F.3d 1078, 1082, 1085 (9th Cir. 2003). We affirm.

The district court properly dismissed Ingram's constitutional claims because the United States has not expressly waived its sovereign immunity. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Moreover, Ingram cannot pursue a *Bivens* action related to a social security benefits determination. *See Schweiker v. Chillicky*, 487 U.S. 412, 414 (1988) (damages unavailable in action challenging Social Security determination); *Butler v. Apfel*, 144 F.3d 622, 624 (9th Cir. 1998) (per curiam).

The district court properly dismissed the claims arising under the Social Security Act for lack of subject matter jurisdiction because Ingram failed to exhaust his administrative remedies before seeking judicial review. *See* 42 U.S.C. § 405(g) (judicial review only available after "any final decision of the Commissioner of Social Security made after a hearing"); *see also Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) (a claimant's failure to

exhaust administrative remedies under § 405(g) deprives a district court of jurisdiction).

The district court properly dismissed Ingram's state-law tort claims because Ingram failed to sue the proper party. *See Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) ("[T]he United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees."). Even if Ingram had properly asserted these claims against the United States, the district court would have no jurisdiction to consider them because Ingram failed to exhaust administrative remedies under the Federal Tort Claims Act. *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).

We construe the dismissal for failure to exhaust administrative remedies as without prejudice. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 (9th Cir. 2007) (concluding that dismissal without prejudice is proper where plaintiff failed to exhaust administrative remedies).

Ingram's remaining contentions are unpersuasive.

**AFFIRMED.**