NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2018[*]
Decided February 8, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-3186

| | |
|---|---|
| ANDREW SLABON,<br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16-CV-10605 |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br> *Defendant-Appellee*. | **Sharon Johnson Coleman**,<br>*Judge*. |

## O R D E R

Andrew Slabon argues that the Social Security Administration violated his right to due process when it suspended and then terminated his Supplemental Security Income while he was incarcerated. The district court granted summary judgment for the agency on this claim. Because Slabon cannot prevail under any of the remedies provided in the Social Security Act, we affirm the judgment of the district court.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Fed. R. App. P. 34(a)(2)(C).

Slabon applied in 2009 for SSI benefits, which are available to disabled individuals with limited income and assets. See 42 U.S.C. § 1381; 20 C.F.R. § 416.110. The agency approved the application a year later.

Slabon was arrested in January 2014 and later convicted at trial of aggravated battery. One month after Slabon's arrest, the agency learned that he was in jail and suspended his SSI benefits under 42 U.S.C. § 402(x) ("no monthly benefits shall be paid … to any individual … while such individual … is confined in a jail") and 20 C.F.R. § 416.1325. Although the agency's usual practice is to send notice of suspension to a recipient at the place of incarceration, it sent Slabon's notice to his home address. Because he was incarcerated, Slabon did not receive this letter. He remained incarcerated pending trial, and in February 2015, the agency terminated his benefits because they had been suspended for twelve consecutive months. 42 U.S.C. § 1383(j); 20 C.F.R. § 416.1335.

Slabon sued the acting commissioner for constitutional violations, mistakenly invoking 42 U.S.C. § 1983, which applies to persons acting under color of state law, not federal law. He alleged that he was deprived of property without due process of law when the agency sent the notice of suspension to his home address rather than the jail, thereby depriving him of the opportunity to challenge the suspension and eventual termination of his benefits. If he had received the notice, he says, he could have avoided this termination by accepting a plea agreement that would have assured his immediate release. He also asserted an equal protection claim based on the manner in which § 402(x) singles out incarcerated persons. Finally, he alleged that the agency intentionally caused him emotional distress by terminating benefits that he needed to pay the property taxes on his late mother's home.

The district court initially dismissed Slabon's claims for denial of equal protection and intentional infliction of emotional distress and later granted summary judgment on the remaining due-process claim. In the court's view, any error on the agency's part in sending the notice to the wrong address was harmless because Slabon had no right to benefits while he was in custody. The agency was required to suspend his benefits so long as he was incarcerated for more than one month. 20 C.F.R. § 1325(b).

On appeal Slabon argues that the agency violated his right to due process by failing to provide him adequate notice that the agency (1) had suspended his benefits and (2) would terminate his benefits if they were suspended for more than twelve months.

As an initial matter, the only basis under which Slabon may bring this suit is 42 U.S.C. § 405(g). Although he styles his suit as arising under 42 U.S.C. § 1983 and

brought against the acting commissioner in her official capacity, he may not bring a § 1983 action against federal officials who are acting under federal law. *District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973); *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Nor may Slabon bring an action for damages against the acting commissioner or any other Social Security official under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because Congress has already provided a comprehensive scheme under the Social Security Act to appeal the revocation of benefits. See *Schweiker v. Chilicky*, 487 U.S. 412, 414, 424, 426 (1988).

Faced with a nearly identical set of facts, the Ninth Circuit recharacterized a pro se plaintiff's *Bivens* claim as one under 42 U.S.C. § 405(g). See *Butler v. Apfel*, 144 F.3d 622, 624 (9th Cir. 1998). Although we construe a pro se plaintiff's pleadings liberally, see *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017), recharacterizing Slabon's suit as one under § 405(g) would not help him. Although § 405(g) permits judicial review of agency decisions, the Social Security Act does not authorize claims for money damages against officials even if their unconstitutional conduct leads to the wrongful denial of benefits. *Chilicky*, 487 U.S. at 242. Further, Slabon's incarceration between January 2014 and February 2016 disqualified him from receiving benefits for that period. See 42 U.S.C. § 402(x); 20 C.F.R. § 416.1325. That means that whether Slabon received the notice or not, he would not be entitled to benefits beyond those he already has received. See *Schweiker v. Wilson*, 450 U.S. 221, 224 (1981); *Codd v. Velger*, 429 U.S. 624, 628 (1977) (due process did not require a hearing if plaintiff could not show "that he was harmed by the denial of a hearing"). And his attempt to blame the lack of notice for his decision not to plead guilty, which in turn resulted in incarceration for more than one year and to the termination of his SSI benefits, stretches the legal concepts of duty and causation beyond recognition.

Slabon's other claims were also rightly dismissed. First, the suspension of his benefits while he was incarcerated did not violate his right to equal protection. See *Milner v. Apfel*, 148 F.3d 812, 813–15 (7th Cir. 1998). To the extent that he challenges the constitutionality of the provisions that require termination of suspended benefits after twelve months, 42 U.S.C. § 1383(j); 20 C.F.R. § 416.1335, a rational basis exists for Congress to justify this policy—namely, maintaining administrative efficiency. See *Califano v. Jobst*, 434 U.S. 47, 53 (1977), citing *Weinberger v. Salfi*, 422 U.S. 749, 770 (1975). Requiring termination of benefits that have been suspended for more than twelve months simplifies recordkeeping and reduces administration costs. See *United States v. Carroll*, 110 F.3d 457, 462 (7th Cir. 1997); see also *Estate of Landers v. Leavitt*, 545 F.3d 98, 112 (2d Cir. 2008), as revised (Jan. 15, 2009).

The district court also properly dismissed Slabon's claim for intentional infliction of emotional distress. Plaintiffs must exhaust their administrative remedies before they may file suit against the United States under the Federal Torts Claims Act. See 28 U.S.C. § 2675; see also 28 C.F.R. § 14.2; 20 C.F.R. §§ 429.101–110; *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014), and Slabon acknowledges in his appellate brief that he did not engage in any administrative process for this claim.

The judgment of the district court is therefore

AFFIRMED.