Frank LANGELLA, Plaintiff–Appellant,

v.

George W. BUSH, Pres., John Ashcroft, Attorney General; Katherine C. Edgell, A.L.J.; Peter N. Dowd, A.L.J.; Gov't of the United States of America, Soc. Sect.; Gov't of the United States of America, Justice Dept., Defendants–Appellees.

No. 05–1351.

United States Court of Appeals, Second Circuit.

Dec. 30, 2005.

Frank S. Langella, Yonkers, NY, for Plaintiff–Appellant, pro se.

Assistant United States Attorneys Lorraine S. Novinski, Heather K. McShain, Kathy Marks, New York, NY, for Defendants–Appellees.

Present: Rosemary S. POOLER, Robert A. KATZMANN, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiff-appellant ("appellant") Frank Langella appeals from a December 1, 2004, decision of the United States District Court for the Southern District of New York (Sweet, *J.*), dismissing appellant's complaint pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6), and 12(c). (A 885). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

The district court dismissed appellant's claims, except for his appeal to the Social Security Commissioner's decision. The standards for reviewing dismissals granted under Rules 12(b)(1) and 12(b)(6) are identical. This Court reviews a judgment dismissing a complaint pursuant to Fed. R.Civ.P. 12(b)(6) *de novo. Flaherty v. Lang,* 199 F.3d 607, 612 (2d Cir.1999). In doing so, this Court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Jaghory v. New York State Dept. of Educ.,* 131 F.3d 326, 329 (2d Cir.1997).

When reviewing determinations made by the Social Security Commissioner, this Court conducts a plenary review of the administrative record. *See Schaal v. Apfel,* 134 F.3d 496, 501 (2d Cir.1998) (quoting *Pratts v. Chater,* 94 F.3d 34, 37 (2d Cir.1996)). This Court may only set aside the Commissioner's decision if the factual findings are not supported by substantial evidence, or if incorrect legal standards were applied. *See Bubnis v. Apfel,* 150 F.3d 177, 181 (2d Cir.1998). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater,* 221 F.3d 126, 131 (2d Cir.2000) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). If the administrative record adequately supports the Commissioner's finding on a particular factual issue, the Commissioner's conclusion governs, even if the record would also support a contrary finding. *See Schauer v. Schweiker,* 675 F.2d 55, 57 (2d Cir.1982).

The district court did not err by concluding that the Commissioner was a proper party to appellant's suit. This Court has never held that where a plaintiff appealing a decision of the Commissioner pursuant to 42 U.S.C. § 405(g) fails to

name the Commissioner as a defendant, the Commissioner is precluded from filing legal papers in the lawsuit. Moreover, the district court's conclusion that § 405(g) "clearly contemplates the Commissioner's appearance as a party in any such action" is a reasonable reading of that provision. Appellant argues that 42 U.S.C. § 402(x)(1)(A) does not apply to his conviction. However, this argument is undermined by the fact that appellant was incarcerated pursuant to a conviction under 18 U.S.C. § 1951, which provides for a maximum sentence of twenty years, and as such is a Class C felony under federal law. *See* 18 U.S.C. § 1951; 18 U.S.C. § 3559(a)(3).

The Commissioner's decision was supported by substantial evidence. The Social Security Act provides that an overpayment of benefits shall not be recovered where the claimant is "without fault if such adjustment or recovery would defeat the purpose of this title or would be against equity and good conscience." 42 U.S.C. § 404(b); *see also* 20 C.F.R. § 404.506. This Court has analyzed waiver of overpayment cases in a two-step process: if the Commissioner's finding that the claimant was not without fault is supported by substantial evidence, there is no need to consider whether recovery of the overpayments would defeat the purpose of Title II or would be against equity and good conscience, "since those factors come into play only if the recipient is without fault." *Chlieb v. Heckler,* 777 F.2d 842, 846 (2d Cir.1985). Appellant signed a statement indicating that his reporting responsibilities had been explained to him, and the record reflects that he received a notice that the requirement to report to the SSA if he was incarcerated was among his responsibilities.

Regarding appellant's tort claims, by arguing that the district court improperly distinguished *Bennett v. Arkansas,* 485 U.S. 395, 108 S.Ct. 1204, 99 L.Ed.2d 455 (1988), appellant argues on appeal that section 402(x) is unconstitutional insofar as it allows the Commissioner to recover Social Security benefits from appellant. This argument is meritless. The district court correctly distinguished *Bennett* from appellant's case. In previously considering appellant's argument, this Court ruled that the suspension of Social Security benefits during incarceration does not violate either Due Process or Equal Protection. *See Langella v. United States,* 6 Fed.Appx. 116, 117 (2d Cir.2001) (citing *Zipkin v. Heckler,* 790 F.2d 16 (2d Cir.1986)). This Court also noted that "every circuit court to consider whether section 402(x) violates the prohibitions against bills of attainder or ex post facto laws has concluded that it does not," and declined to take the opportunity to hold otherwise. *Id.* (citations omitted). Furthermore, "[t]he related doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) are meant to protect parties from having to relitigate identical claims or issues and to promote judicial economy." *Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 731 (2d Cir.1998). Here, the district court properly held that appellant's constitutional and tort claims were barred because prior judgments precluded consideration of these claims.

Finally, appellant has moved for a warrant to arrest. This motion is denied.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**